**UNITED STATES of America**

v.

**David Charles WENNER.**

**Crim. No. 12487.**

United States District Court
M. D. Pennsylvania.

Sept. 29, 1955.

J. Julius Levy, U. S. Atty., Stephen A. Teller, Asst. U. S. Atty., Scranton, Pa., for plaintiff.

Hayden C. Covington, Brooklyn, N. Y., Conrad A. Falvello, Anthony Falvello, Hazleton, Pa., for defendant.

FOLLMER, District Judge.

Defendant, David Charles Wenner, has been indicted for wilfully refusing to perform civilian work contributing to the maintenance of the national health, safety and interest, to wit, by quitting such civilian work at Mount Alto State Tuberculosis Sanatorium at South Mountain, Pennsylvania, to which he had been assigned by his Local Draft Board, all in violation of the Universal Military Training and Service Act, 50 U.S.C.A. Appendix, §§ 451–470, and the Selective Service Regulations duly issued pursuant thereto and then in full force and effect. Defendant entered a plea of not guilty and waived his right to trial by jury. The case was accordingly tried to the Court without a jury.

At the trial the Government produced the file of Local Board No. 94 of Hazleton, Pennsylvania, being its complete file in relation to this defendant. An examination of the file reveals that defendant filed his Selective Service System Classification Questionaire with his Local Board March 14, 1951 in which he requested a IV–E (conscientious objector opposed to both combatant and noncombatant training and service) classification and also requested that he be furnished Special Form for Conscientious Objector (SSS Form No. 150).

On March 26, 1951 defendant filed SSS Form No. 150 in which he signed Series I (B) "Claim for Exemption", and in which he asserted that he was conscientiously opposed to participation in war in any form and to participation in noncombatant training or service in the armed forces, and requested exemption therefrom. Both the Questionnaire and Form No. 150 were implemented by statements setting forth the basis of his claim.

On June 5, 1951 his Local Board classified defendant I–A. On July 10, 1951 defendant was given a personal hearing before the Board, after which he was again classified I–A by the Local Board. On July 19, 1951 defendant wrote to the State Appeal Board appealing from his I–A classification and stating, inter alia:

"At this time I wish to appeal my classification of I–A given to me by Local Board No. 94 in Hazleton, Pennsylvania. I am entitled to the classification of Conscientious Objector, IV–E, and hope that you gentlemen will weigh the following facts carefully and without prejudice as to my claim to the IV–E classification:"

He follows this statement by quoting in part Section 1622.20 relating to Class IV–E, then sets forth his position as a conscientious objector, citing a number of quotations from the Bible. He ends his letter as follows:

"Due to these truths brought to this Board's attention, it would be well in the Lord's sight to give a fair and just decision as to my claims as a conscientious objector."

On November 19, 1952 defendant addressed the following letter to his Local Board:

"In my previous letter, I was appealing for a IV–E classification. I am now informed that this classification no longer exists.

"I am conscientiously opposed, by reason of my religious training and beliefs, to both combatant and noncombatant training and service in the armed forces.

"I am, therefore, appealing my classification of I–A to that of a conscientious objector available for civilian work contributing to the maintenance of the national health or safety."

On November 25, 1952 he was granted a second hearing before the Local Board. The minutes of this meeting record the following colloquy:

"We have all your other information you gave us too. Is there any-

thing else you would like to present to the Board at this time? The classification I had in mind—the gentleman stated I should write in for a I–A–O, but the classification I really want I found out later is I–O."

It would seem from the above that the defendant not only asked for the very classification which he was later accorded but that he was actually advised by someone in the formulation of his request.

The file was forwarded to the Appeal Board and thence to the Hearing Officer. Defendant appeared before the Hearing Officer with several witnesses. Following the hearing, the Hearing Officer concluded that defendant was conscientiously opposed to combatant and noncombatant duty by reason of religious training and belief and recommended a I–O classification. The Department of Justice concurred and on April 29, 1953, recommended to the Appeal Board that defendant be classified I–O. On May 28, 1953 the Appeal Board by unanimous vote classified defendant I–O.

Defendant was furnished SSS Form No. 152 (Special Report for Class I–O Registrants) which he filled out and returned to the Local Board June 19, 1953. In due course he was assigned to civilian work at Mount Alto State Tuberculosis Sanatorium at South Mountain, Pennsylvania. He accepted the assignment and reported for work on December 15, 1953. After serving less than a month he quit work and left the Sanatorium on January 10, 1954, stating that his employment there limited him in the performance of his ministerial work.

Defendant now claims:

(1) The Local Board denied him procedural due process when it refused him the right to discuss his ministerial status.[1]

(2) The Local Board denied him procedural due process in failing to post notice of the names and addresses of advisors to registrants in a conspicuous place in the office of the Board.

(3) The order of the Local Board to perform civilian work at the State Sanatorium and Sections 1660.1 and 1660.20 of the Selective Service Regulations are in conflict with the Act because the work is not national or federal work as required by the Universal Military Training and Service Act.

(4) The Act and Regulations violate the Thirteenth Amendment to the United States Constitution.

(5) The Act and Regulations violate the Fifth Amendment to the United States Constitution.

In his reply brief defendant states as follows:

"The Government on page 1 of its brief states erroneously that the defendants claim that they should be classified as ministers. While the defendants claimed as registrants before the board that they should be classified as ministers, it is not here contended in the defense, in the motion for judgment of acquittal or in the main brief for the defendants, that there was a denial of the ministerial status without basis in fact. This Court, therefore, does not have to consider whether there was a denial of the ministerial status by the local board in an arbitrary and capricious manner. The statement at the bottom of page 1 of the Government's brief should therefore be disregarded."[2]

In United States v. Niles, D.C.N.D. Cal., 122 F.Supp. 382, in refusing a motion for acquittal, the court held that the Universal Military Training and Service Act, § 6(j), 50 U.S.C.A. Appen-

---

1. The file indicates that at no time was any formal request made for a ministerial classification, although apparently there was some discussion before the Board.

2. The use of the plural in the above quo- tation was because the same brief was also filed by same defense counsel in United States of America v. Frank Mekolichick, Jr. The cases involved the same Local Board and were tried at the same time.

dix, § 456(j), providing for assignment of conscientious objectors to civilian work contributing to the maintenance of national health, safety or interest, authorized assignment of objector to institutional work with county department of charities and that the statutory provision as thus applied did not violate either the Fifth or Thirteenth Amendments of the United States Constitution. The Court of Appeals, 9 Cir., 220 F.2d 278 affirmed and certiorari was denied, 349 U.S. 939, 75 S.Ct. 784.

■ The work assignment in the instant case was to a facility owned by the Commonwealth of Pennsylvania and operated as a part of its health program. It is, therefore, completely within the purview of the Niles case.

■■ Defendant has frankly, and in my opinion very properly, withdrawn any contention that the draft board illegally denied the ministerial claim because it was without merit which, in my opinion, was a withdrawal of Claim No. 1 made by the defendant. As to Claims No. 3 (work not national), No. 4 (13th Amendment), and No. 5 (5th Amendment), I am in full accord with the opinion of the court in United States v. Niles, supra. We have, therefore, for consideration only his Claim No. 2, namely, denial of procedural due process in failing to post notice of the names and addresses of advisors to registrants in a conspicuous place in the office of the Local Board. I find absolutely no merit in this claim.

■ Section 1604.41 of the Selective Service Regulations as originally promulgated and effective during the period involved in this case read as follows:

"Appointment and Duties.—Advisors to registrants shall be appointed by the Director of Selective Service upon recommendation of the State Director of Selective Service to advise and assist registrants in the preparation of questionnaires and other selective service forms and to advise registrants on other matters relating to their liabilities under the selective service law. Every person so appointed should be at least 30 years of age. The names and addresses of advisors to registrants within the local board area shall be conspicuously posted in the local board office."

On February 3, 1955, this section was amended by changing the fourth word in the first sentence from "shall" to "may", so that presently the appointment of advisors to registrants rests in the discretion of the Director.[3]

■ It is the undisputed testimony of the defendant that the list of advisors was not published as provided for in the Regulations. The requirement of publication is not constitutional in origin but rather is derived solely from the Universal Military Training and Service Act and the Regulations issued thereunder.[4]

■ In appealing from the I–A classification defendant said:

"I am, therefore, appealing my classification of I–A to that of a conscientious objector available for civilian work contributing to the maintenance of the national health or safety."

He was given that classification; he did prepare and file with his Local Board SSS Form No. 152 (Special Report for Class I–O Registrants); he accepted the assignment and reported for work and after serving less than a month, he quit; and he now complains that he was not apprised of the names and addresses of advisors whom he might have consulted. Having received the very classification that he asked for, defendant was not prejudiced by the failure of the Local Board to publish the list of Selective

3. Executive Order 10594, 20 F.R. 735, Feb. 3, 1955, U. S. Code Congressional and Administrative News, 1955 Pamphlet No. 2, p. 485.

4. United States v. De Lime, 3 Cir., 223 F.2d 96.

Service advisors, as provided by the Regulations.[5]

Defendant's motion for judgment of acquittal will be denied.

5. United States v. De Lime, supra. Counsel for defendant relies heavily on Chernekoff v. United States, 9 Cir., 219 F.2d 721. Under the facts of the instant case I feel Chernekoff has been completely answered by De Lime.