Paul Edward ROWTON, Appellant,

v.

UNITED STATES of America,
Appellee.

Charles Freelan WHEELER,
Appellant,

v.

UNITED STATES of America,
Appellee.

Reuben Jones STEPP, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 12533, 12534, 12565.

United States Court of Appeals
Sixth Circuit.

Jan. 10, 1956.

Argued by, Hayden C. Covington, Brooklyn, N. Y., Victor F. Schmidt, Columbus, Ohio, on brief, for appellants.

Argued by, William B. Jones, Louisville, Ky., J. Leonard Walker, Louisville, Ky., on brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

These cases consolidated for hearing on appeal, were tried separately in the United States District Court for the Western District of Kentucky. Each of the cases was tried to the court without the intervention of a jury and resulted in a verdict of guilty and a sentence of imprisonment for three years for violation of the universal Military Training and Service Act of 1948, 50 U.S.C.A.Appendix, § 462. The first two cases were tried by District Judge Shelbourne and the third by District Judge Brooks. Each of the three cases follows the same pattern of material facts.

Each appellant was classified as a conscientious objector (I–O) by his local board; but each contested that classification, claiming to be a minister and therefore entitled to a classification which would exempt him from induction into the armed forces and from performance of civilian work of national importance. After appealing the local board's decision to the appeal board without avail, each of the three registrants refused to do civilian work in lieu of induction when ordered to do so by his local board.

After their classification as conscientious objectors, Rowton and Wheeler appeared before their respective local boards giving further evidence as to their claimed ministerial status in Jehovah's Witnesses. The local boards ordered the I–O classification retained in both cases. Stepp did not make a personal appearance before his local board to contest the classification, but relied on material in writing which he submitted to support his claim to ministerial status as a Jehovah's Witness. In the Stepp case, the appeal board preliminarily determined that Stepp was not a conscientious objector and referred the case to the Department of Justice. On recommendation of that department, Stepp was classified as a conscientious objector (I–O) by the appeal board.

Appellants were subsequently ordered to report to various state hospitals in Kentucky to perform civilian work of national importance in lieu of induction. Rowton and Wheeler reported to the hospitals designated for them, but refused to work. Stepp refused opportunities given him by his local board to choose the type of work he was willing to do, or the location where he might do it. He informed his local board by letter and in person that he refused to do any civilian work of national importance in lieu of induction. Separate indictments, trials and convictions of the appellants followed.

The main contention of appellants on appeal to this court is that they were denied procedural due process of law, in that their local boards failed to post the names of advisors to registrants in the local board office as required by Section 1604.41 of the Selective Service Regulations. Appellants claim that this failure invalidates the whole process of their classification, including their orders to report for civilian work, and their subsequent prosecutions and convictions.

Nowhere in the record do appellants actually show that the failure of the local boards to post the names of advisors worked to their prejudice in any manner. Each was afforded ample opportunity to present evidence in support of his claim to exemption from service of any kind due to ministerial status; and each did so. The local boards and the appeal boards decided that appellants were entitled only to the classification of "conscientious objector."

Appellants defied the authority of the United States of America to require that persons, protected in their religious rights as conscientious objectors, be called upon to do work of national importance in lieu of induction into the armed forces. In the face of consequences brought about by such defiance, appellants seek to escape punishment by reliance upon a bare technicality to show denial to them of procedural due process of law.

The failure of the local board to post the names of advisors to registrants as required did not operate to the prejudice of these appellants. 28 U.S.C.A. § 2111; Fed.Rules Crim.Proc. rule 52(a), 18 U.S. C.A. They were not denied a fair and reasonable opportunity to present their claims.

The judgments of the United States District Court are affirmed.