UNITED STATES of America,
Plaintiff,

v.

Howard Louis SCHWARTZ,
Defendant.

Cr. No. 43793.

United States District Court
E. D. New York.

Mar. 15, 1956.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., William H. Sperling, Sp. Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for United States.

Hayden C. Covington, Brooklyn, N. Y., for defendant.

ABRUZZO, District Judge.

The defendant was indicted by the grand jury of this district and charged with the violation of the Universal Military Training and Service Act. The indictment charges that the defendant failed to report for civilian work contributing to the maintenance of the national health and safety of the public in lieu of induction into the armed forces. Title 50 U.S.C. Appendix, § 462 (b) (6). He pleaded not guilty and was tried before this Court without a jury. Defendant's brief was filed September 27, 1955, the Government's brief February 27, 1956, and the reply brief of the defendant March 2, 1956.

The defendant registered with his local board on September 16, 1948. On May 16, 1950, the board mailed to defendant a classification questionnaire. The defendant answered the questionnaire and filed it with the board on June 7, 1950. In the questionnaire he stated that he was a minister of religion of the Watchtower Society and had regularly served as such since July 20, 1943, and that he was continuing as a student preparing for the ministry at the Theocratic Ministry School of Lockport, New York. On July 11, 1950, he was given a I-A classification. This classification was changed to I-O and he was subsequently directed to report for work at the Pilgrim State Hospital at Brentwood, Long Island, New York. His refusal to report for work at the hospital resulted in this indictment.

The evidence indicates that the defendant after his questionnaire was filed sent many documents to the local board and had many conferences with members of the board. The evidence further indicates that this defendant was treated most courteously and kindly and that the board at all times held itself ready to give this defendant any and all necessary assistance. The Court is satisfied that the local board's actions, based on the documents before it and the many oral conferences it had with the defendant, were proper.

The Court is disturbed by one particular argument advanced by the defendant. Local boards are required to conspicuously post the names of the advisors to the registrants. Section 1604.-41 of the Selective Service Regulations (32 C.F.R. § 1604.41) covers that subject clearly. This local board apparently complied with that regulation. However, testimony has been presented that some time after 1948 this notice fell from the wall and disappeared but the evidence is conflicting as to when this occurred.

A registrant is not entitled to the aid of counsel before a local board. United States v. Pitt, 3 Cir., 144 F.2d 169; Peterson v. United States, 6 Cir., 173 F.2d 111; Niznik v. United States, 6 Cir., 173 F.2d 328. He, therefore, must depend upon the advisors for counsel as to his rights to a proper classification.

The decisions are legionary that each and every requirement in the Selective Service Act must be strictly complied with. After he was classified I-O the defendant requested a reopening of his case and a setting aside of this classification on the ground that he was the sole support of his mother and father. The defendant testified that when he filled in the questionnaire he did not know that he could make a claim for exemption on two grounds, to wit, that he was a minister of religion and also the sole support of his mother and father. He did not urge the support of his mother and father because he was under the erroneous impression that he could not claim more than one exemption at the same time, but if there had been a posted list of advisors he could have determined that he was entitled to make a claim of exemption on both grounds.

The absence of such a posted list is vital in determining the guilt or innocence of this defendant.

When defendant made application before the board for a reopening of his case in order that he might produce evidence that he was the sole support of his parents, the local board denied him this right. In view of the circumstances this right should have been granted. The proof offered by the Government that a list of advisors was visible somewhere in the local board after 1948 is vague and uncertain. The Government had the burden of proving the defendant guilty beyond a reasonable doubt. This burden they have not sustained.

The local board should give this defendant a full and complete hearing and then make its classification based on the evidence presented.

The defendant is found not guilty.