**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Vernon MANNS, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Everett THOMAN, Defendant-Appellant.**

**Nos. 11647, 11662.**

United States Court of Appeals
Seventh Circuit.

May 1, 1956.

Hayden C. Covington, Brooklyn, N. Y., Karl M. Milgrom, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., William T. Hart, John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

Each of the defendants here was charged with and, in separate trials, convicted of failing and refusing to perform civilian work in violation of Section 462 of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq.

■ The defendants now appeal, pointing out that the applicable regulation, 32 C.F.R. § 1604.41 (1949 ed.), requires the appointment for each local board of advisers for registrants and the posting of the names and addresses of such advisers on bulletin boards in the offices of each local board; and that no advisers had been appointed for Local Board 56, before which defendant Manns appeared, or for Local Board 58, before which Thoman appeared, and no names and addresses of such advisers were posted on the bulletin board of either of these local board offices. The defendants insist that because of these violations of the regulations they have been denied procedural due process of law in the proceedings before these boards, and that the subsequent action of each board in classifying them I-O, as conscientious objectors, and in ordering them to report for and to perform civilian work was, therefore, a nullity; and that the failure of each defendant to comply with these orders did not constitute a violation of Section 462 of the Act.

In each of these cases the office of the local board was located in the same group office with four or five other boards. There was one chief clerk for all of the boards in the group. In a situation such as this the employees of the boards which were without advisers for registrants had been directed to tell registrants in need of advice or assistance to use one of the advisers appointed for one of the other boards. The names and addresses of the advisers for the other boards were posted on the bulletin board in the group office. Defendant Manns admitted that he was told by the Clerk of Local Board 56 that he could talk to the advisers appointed for the other boards in that office if he desired to. However, Manns said that he did not talk to any adviser of another board.

Each of the local boards also had one or more appeal agents who ordinarily were lawyers and who, by Regulation 1604.71(d) (5), 32 C.F.R. § 1604.71(d) (5), were required "To be equally diligent in protecting the interests of the Government and the rights of the registrant in all matters." Defendant Thoman admitted that the statement, "for advice see your government appeal agent," was printed on his registration card which he had been regularly carrying, and that he had read this statement on his card. Yet Thoman admitted that he had never conferred with an appeal agent even in taking his appeal from the local board. Thoman testified in his criminal trial that he "had no reason to see the appeal agent."

Thus we see that each of these defendants was informed of the advice and assistance available to him on any question he may have had concerning his rights before his local board but that neither defendant took advantage of such advice or assistance.

In spite of these facts, however, the defendants insist that because, in violation of the applicable regulations, no advisers to registrants had been appointed for these two boards and because the names and addresses of such advisers were not posted on bulletin boards in the offices of these two local boards, the boards' actions concerning these two defendants were a nullity, and the defendants were not required to comply with the orders of these boards. Two of the

cases cited by the defendants to support this contention are United States v. Fry, 2 Cir., 203 F.2d 638, and United States v. Stiles, 3 Cir., 169 F.2d 455. But in each of those cases the violation complained of was the failure of the board to promptly notify the registrant of his classification and the consequent inability of the registrant to properly present his appeal for a different classification. In those cases the failure of the board to notify the registrant of his classification may well have resulted in the registrant's not obtaining a lower classification to which he was entitled. In Gonzales v. United States, 348 U.S. 407, 7 S.Ct. 409, 99 L.Ed. 467, the Court reversed a conviction where the local board failed to reveal to the registrant certain information and thus deprived him of his right to properly present his side of the case to the appeal board.

On this point the defendants also rely on Chernekoff v. United States, 9 Cir., 219 F.2d 721, in which the court expressed "serious doubt as to the validity" of the practice of a local board of not posting the names of advisers to registrants as provided by 32 C.F.R. § 1604.-41, and said that the practice presented "another problem of due process." However, in Uffelman v. United States, 9 Cir., 230 F.2d 297, another case in which the appellant relied heavily on that court's statement in the Chernekoff case as to the violation of § 1604.41, the court said, 230 F.2d at page 301: "But the passing reference in the Chernekoff case does not control here. There no showing was made that the registrant had available the battery of 'advisers' that were ready to assist the appellant in the instant case." The court there pointed out that counsel agreed "that the 'label' given to such advisers is not important, so long as the registrant is assured of ready and sound advice."

In each of the instant cases the defendant appealed from the classification of I-A originally given him by his board and as a result of the appeal each was given a I-O classification. Each of the defendants now admits that he was not entitled to classification as a minister of religion and that the I-O classification was the only classification to which he was entitled under the facts of his case.

However, notwithstanding the fact that advice and assistance were available to each of these two defendants and regardless of the fact that each defendant received the correct classification from his local board, each defendant now insists that, because of failure to comply with Section 1604.41 of the Regulations, he was denied procedural due process of law, and that all action and orders of the local board were invalid, and that his refusal to report for and to perform civilian work pursuant to the order of local board was, therefore, not a violation of 50 U.S.C.A. Appendix, § 462. If there had been any prejudice or harm resulting to these defendants from the violation of the regulation here in question we would agree with their contention.

On page 18 of the appellants' brief, the defendants say: "All that the defendants had to show is what they did show: that the regulation had been violated. Then the burden shifted to the Government to prove by affirmative evidence that they were not harmed." But one party is never required to prove what his opponent freely admits. In the instant cases there was no claim that either of the defendants was not given a fair hearing or that either was prevented in any way from presenting any evidence he desired to present; and in these cases the defendants now freely admit that the I-O classification which they were given by their local boards was the only classification to which they were entitled.

We think it is clear that where, as here, no harm or prejudice to the registrant resulted from a violation of a regulation the proceedings of the board are not invalidated. Rule 52(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that even in a criminal trial any error, deficiency, irregularity or variance which does not affect substantial rights shall be disregarded.

In Rowton v. United States, 6 Cir., 229 F.2d 421, the court considered the effect of a violation of this same regulation. The court there held that since no prejudice to the defendants was shown the violation could not be used as a defense. The court there, 229 F.2d at page 422, characterized the defendants' contention, that the failure to appoint advisers for registrants and to post their names invalidated the board's action, as "reliance upon a bare technicality to show denial to them of procedural due process of law." The court said that the "failure of the local board to post the names of advisers to registrants as required did not operate to the prejudice of these appellants," and accordingly affirmed the judgments.

In Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428, the defendant claimed that the action of his local board in failing to formally reopen his case pursuant to Regulation 1624, 32 C.F.R. (1949 ed.), when he filed an application for reclassification as a minister of religion invalidated the board's action. The Supreme Court said, 348 U.S. at page 384, 75 S.Ct. at page 397: "In this state of the record, the contention of Witmer narrows down to mere cavilling. No prejudice is claimed from this and we find no error." And in Eagles v. United States ex rel. Samuels, 329 U.S. 304, 312, 67 S.Ct. 313, 318, 91 L.Ed. 308, the Court said: "If it cannot be said that there were procedural irregularities of such a nature or magnitude as to render the hearing unfair [citing authority], or that there was no evidence to support the order [citing authority], the inquiry is at an end." See also United States v. Dorn, D.C., 121 F. Supp. 171, 178, and United States v. Wenner, D.C., 134 F.Supp. 447.

■■■ The defendant Manns also contends that he "was denied procedural due process of law when the local board failed to give him a new order for a physical examination within ten days before he was required to choose civilian work." Manns bases this contention on Section 1660.20(a) of the Selective Service Regulations.

Section 1660, 32 C.F.R., has the general title "Civilian Work in Lieu of Induction." Subsection 1660.20 has the subtitle "Determination of type of civilian work to be performed and order by the local board to perform such work." Subsection (a) thereunder provides that: "When a registrant in Class I–O is found acceptable for service after his armed forces physical examination * * * he shall, within ten days after notice of acceptability is mailed to him by the local board * * * submit to the local board three types of civilian work contributing to the maintenance of the national health, safety, or interest as defined in section 1660.1, which he is qualified to do and which he offers to perform in lieu of induction into the armed forces." This regulation primarily tells the I–O registrant what he must do and when he must do it in order to take advantage of his privilege to perform civilian work in lieu of induction into the armed forces. The regulation clearly does not require that the registrant be given a physical examination within ten days of the time he is required to submit a list of the kind of civilian work he is qualified to do and is willing to perform. On June 19, 1952, the National Headquarters of the Selective Service Administration issued Operations Bulletin No. 70 which provides that: "It is not necessary that Class I–O registrants be re-examined in the event they are not ordered to report to work within the 120 days following completion of their first mental and physical examination. However, the local board may order a Class I–O registrant for re-examination if more than 120 days have elapsed since he was examined and found acceptable for service and the local board has reason to believe that he may no longer be acceptable." Thus, we have an administrative interpretation of this regulation directly against the contention of the defendant.

In United States v. Thomas, 124 F. Supp. 411, Judge Platt, United States District Judge for the Eastern District of Illinois, held that such a second medical examination as Manns is here claiming was not necessary. That judgment was affirmed by this court, United States v. Hoepker, 7 Cir., 223 F.2d 921. The particular question as to the requirement of a second physical examination was not mentioned in the opinion of this court which would indicate that the appellant there did not present the question on appeal or that the court did not believe the contention merited consideration.

In his classification questionnaire Manns stated that he did not have any physical or mental condition which in his opinion would disqualify him for service in the armed forces and that he had not been treated by a physician within the past five years. In the report on his medical history it was shown that he had never had any physical troubles except such common ailments as mumps, whooping cough and boils. On September 24, 1951, Manns was found acceptable for induction into the armed forces. The record does not indicate that Manns has ever questioned this finding as to his physical and mental fitness, nor does the record show that he ever informed the board of a change in his physical condition. Manns never requested a second physical examination, nor does he claim in this appeal that he has not continuously been physically and mentally fit for induction into the armed forces. It is significant that defendant Manns cites no case which tends to support his contention that he was denied procedural due process of law by the failure to give him, within ten days before he was required to choose his civilian work, a second physical examination, nor have we found any case which supports this contention.

We find no prejudicial error in either of these cases. The judgments are

Affirmed.