Jack Corwin COLFORD, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 12872.

United States Court of Appeals
Sixth Circuit.

Dec. 21, 1956.

Milton R. Henry, Pontiac, Mich., for appellant.

Donald F. Welday, Jr., Asst. U. S. Atty., Detroit, Mich. (Fred W. Kaess, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before MARTIN, McALLISTER, and MILLER, Circuit Judges.

PER CURIAM.

Appellant was charged in the Information filed herein with having wilfully refused to obey an order of his Local Board to report for civilian work contributing to the maintenance of the national health, safety, or interest, in accordance with Section 1660 of Selective Service Rules and Regulations of 1948, as amended, in violation of Sections 456(j) and 462(a), Title 50 U.S.C.A.Appendix. Following a plea of not guilty and trial by the Court with jury waived, he was found guilty and received a sentence of three years.

Appellant was classified 1-0 (conscientious objector) by the Board and requested a hearing before the Board for the purpose of obtaining classification as a minister. The hearing was held on March 18, 1954, at which appellant presented and discussed his claimed classification at some length. He was again classified 1-0, which on appeal was sustained by the Appeal Board. The Board ordered appellant to report for institutional work at Northville State Hospital, Northville, Michigan, where he reported but refused to accept work, claiming that he was erroneously classified.

The Trial Judge held that from the evidence presented to the Board, the Board acted with basis in fact and not arbitrarily or contrary to law in making its classification, in that the evidence failed to show that the ministry was his regular vocation. Dickinson v. United States, 346 U.S. 389, 394–395, 74 S.Ct. 152, 98 L.Ed. 132. He pointed out that appellant admitted he was employed as a file clerk by General Motors Truck & Coach Division, working eight hours a day between 8:15 A. M. and 5:00 P. M.

Appellant contends that the Trial Court erred in not acquitting him because the Board's order was influenced by a member of the Armed Forces sitting with the Local Board members contrary to the requirements of the Universal Military Training and Service Act. The Trial Court found that the Army Officer referred to was present at the Board interview only as an observer and did not in any way participate in the interview. Appellant's brief in this Court was filed

prior to this Court's ruling in Julian v. United States, 236 F.2d 155, and on oral argument, in view of that ruling, this contention was not urged upon the Court.

Appellant also contends that he should have been acquitted because the testimony showed injury from the Local Board's failure to post notices of the names and addresses of advisors to registrants as required by Sec. 1604.41 of Selective Service Rules and Regulations. The District Judge's opinion of February 8, 1956, not yet reported, pointed out that it was not until sometime after appellant's personal interview with the Board on March 18, 1954, that the appellant, accompanied by his attorney, visited the office of the Local Board to see if the names of advisors were conspicuously posted, that appellant testified that he did not look for such a list on March 18, 1954, that at no time did appellant seek advice from the Board, that appellant was well informed as to his rights as evidenced by the numerous affidavits filed by him to support his request for a ministerial classification and his two appearances before the Board to present his claim, and that he had repeatedly informed the Board that he would refuse to perform any civilian work ordered by the Board. The Court ruled that appellant had not shown that any failure to post such a notice prejudiced the appellant in presenting his evidence and contentions to the Local Board, and that in the absence of such a showing the proceedings of the Board were not invalidated.

We are of the opinion that the findings of the District Judge are fully supported by the evidence, and that the rulings based thereon are not erroneous. Rowton v. United States, 6 Cir., 229 F.2d 421, 422, certiorari denied 351 U.S. 930, 76 S.Ct. 788. See also: Uffelman v. United States, 9 Cir., 230 F.2d 297; United States v. Manns, 7 Cir., 232 F.2d 709; Eagles v. United States ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308; Witmer v. United States, 348 U.S. 375, 384, 75 S.Ct. 392, 99 L.Ed. 428.

The judgment is affirmed.