UNITED STATES of America ex rel.
Howard Charles LIPSITZ,
Appellant,

v.

Major General Gines PEREZ, Command-
ing General, Fort Jackson, South
Carolina, Appellee.

No. 11074.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1967.

Decided Jan. 27, 1967.

Theodore W. Law, Jr., Columbia, S. C. (Law, Kirkland, Aaron & Alley, Columbia, S. C., on brief), for appellant.

Marvin L. Smith, Asst. U. S. Atty. (Terrell L. Glenn, U. S. Atty., on brief), for appellee.

Before SOBELOFF, BELL and WINTER, Circuit Judges.

PER CURIAM:

Appellant, an inductee into the United States Army, seeks reversal of an order dismissing his application for a writ of habeas corpus, in which appellant sought his release from the Army on the ground that he was illegally ordered for induction by his local Selective Service Board.

A temporary injunction restraining appellee, Major General Perez, from transferring appellant from Fort Jackson, South Carolina pending a hearing of this appeal was entered by this Court on November 23, 1966.

Appellant's claim of illegality in his induction is founded upon 32 C.F.R. §§ 1627.5 and 1627.8, which provide, *inter alia,* that when an appeal is taken to the President the local board shall notify the registrant that the appeal has been taken, and any order to report for induction which has been issued shall be ineffective and shall be cancelled. Appellant's order to report for induction was issued November 1, 1965. Although General Hershey, the national director of the Selective Service System, gave notice on December 29, 1965 to the local board that he was instituting a Presidential Appeal on behalf of appellant and the notice received by the local board shortly thereafter, it is not disputed that formal written notice of the appeal and formal cancellation of the order to report was not given to appellant, although appellant did receive notice that his induction was postponed, without any explanation therefor. The Presidential appeal board considered appellant's case and appellant was classified 1–A by that board on February 17, 1966. Written notice of such action was received by appellant on March 3, 1966. After a request for reconsideration, a postponement of induction to permit him to observe religious holidays, the granting of a request for a transfer of the place of induction, and a denial of reclassification because of a change of occupation, appellant was inducted May 17, 1966.

■ Appellant contends that he was prejudiced by the failure of the local board to give him the formal notice required by the regulations, in that he lost the opportunity to enlist voluntarily in the army reserves, rather than to serve as a draftee. After hearing testimony, the district court found that appellant had actual knowledge of the pendency of the Presidential appeal which, together with his intimate knowledge of the regulations, constituted notice that his order for induction was ineffective so that he could have enlisted in a reserve component; but that, in any event, appellant was not prejudiced by the lack of formal notice because appellant lacked a real desire to join a reserve component. The correctness of these findings is the crux of this appeal, because the law is settled that procedural irregularities in the administration of the Universal Military Training and Service Act, 50 U.S.C.A. App. § 451 et seq. which do not result in prejudice, will not support a claim for relief. United States v. Lawson, 337 F. 2d 800 (3 Cir. 1964); Pate v. United States, 243 F.2d 99, 104 (5 Cir. 1957); United States v. Mekolichick, 234 F.2d 71 (3 Cir. 1956); Martin v. United States, 190 F.2d 775 (4 Cir. 1951); United States ex rel. Woodard v. Deahl, 151 F.2d 413 (8 Cir. 1945).

■■ We have examined the record carefully. We find evidentiary support for both of these ultimate findings, and we cannot say that they are clearly erroneous.

Notwithstanding that appellant did not receive formal written notice of the taking of the Presidential appeal, he testified that, at a time not specified, he examined his file in the possession of the local board and did see letters from General Hershey and the state director saying that the Presidential appeal had been taken. In a letter to the President of the United States, dated March 3, 1966, he referred to a previous letter written by him on November 5, 1965, and stated that, subsequent to that date, " * * * I was informed by Senator Case's office that a review of my case would be taken before the Presidential review board." In another letter, dated April 5, 1966, addressed to his local board, appellant acknowledged that, while he had no official notice that his case was being reviewed by the Presidential review board, he did have actual knowledge . " * * * through word of mouth speculation through an assistant in Senator Case's office." Appellant had formal notice that his induction, orginally scheduled for

November 19, 1965, and postponed to December 9, 1965, had been indefinitely postponed.

 From the three deferments appellant sought and obtained, the four postponements of induction and the six appeals, consisting of three hearings before the local board, one review by the State Board, review by the Presidential appeal board, and the other evidence of record, we think that the district judge could properly conclude that appellant suffered no actual prejudice. There was a sufficient evidentiary basis from which he could conclude that appellant lacked any "sincere desire to enlist in a reserve component."

In affirming the district court, we also dissolve the temporary restraining order heretofore issued.

Affirmed.