**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Roy Joe X. JONES, Defendant-Appellant.**

**No. 16023.**

United States Court of Appeals
Seventh Circuit.

July 31, 1967.

Terrance L. Pitts, Milwaukee, Wis., for appellant.

James B. Brennan, U. S. Atty., Thomas R. Jones, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Defendant Jones was convicted in the district court by the judge, without a jury, of wilfully refusing to submit to induction at the Armed Forces Examining and Entrance Station at Milwaukee, Wisconsin, in violation of 50 U.S.C. App. § 462. A sentence of two years was imposed. He has appealed. We affirm.

When Jones registered for the draft on August 4, 1961, he claimed to be a conscientious objector but was told to wait until he was drafted to make his claim. On February 17, 1964, he was classified 1-A and was mailed a Selective Service System (SSS) Form 110, Notice of Classification. He failed to request a personal appearance or appeal. On May 18, 1965, he received an order to report for induction, and on May 20 he asked the Board why he had been ordered for induction, since he was a conscientious objector. He was given SSS Form 150, a special form for conscientious objectors, which he filed on May 21, claiming exemption on the ground of his Muslim religion.

On May 24, the Local Board reopened Jones' file, considered his claim, reclassified him 1-A, and mailed him a new Notice of Classification. He did not request a personal appearance or appeal. On September 17, 1965, he was ordered to report for induction on October 8,1965. He reported and refused to take "one step forward" for induction. His indictment, trial and conviction followed.

Jones contends that his conviction must be set aside because it is based on his refusal to submit to an induction order void as violative of his Fifth Amendment due process rights. The violations he complains of are: (1) that Wisconsin draft boards have no advisors whereas those in some other states do, (2) that Local Board employees failed to give him proper advice and (3) that he did not receive a proper notice of classification.

The government concedes that no advisors were appointed for Wisconsin, and Jones concedes that procedural protection afforded registrants is a matter of legislative grace.

Since January 31, 1955, the Director's exercise of the power to appoint advisors upon the recommendation of a state director has been discretionary. 32 C.F.R. § 1604.41. Jones argues that the provision of advisors in some states and none in others, including Wisconsin, is an arbitrary and capricious classification amounting to denial of due process; that the President himself could not constitutionally act in that manner and therefore could not constitutionally delegate power to do so; and that the lack of equal treatment violates the congressional policy that the system of selection be "fair and just."[1]

■ Lack of equal treatment by the federal government can be so discriminatory as to violate the Fifth Amendment due process clause. Bolling v. Sharpe, 347 U.S. 497, 500, 74 S.Ct. 693, 98 L.Ed. 884 (1954). See United States v. Seeger, 380 U.S. 163, 188, 85 S.Ct. 850, 13 L.Ed. 2d 733 (1965) (concurring opinion);

1. 50 U.S.C.App. § 451.

Sterrett v. United States, 216 F.2d 659, 664 (9th Cir. 1954). We do not decide, however, whether the regulation as applied here violates the Fifth Amendment because we do not think Jones has shown he was prejudiced by the lack of advisors. United States v. Sturgis, 342 F.2d 328, 331 (3d Cir., cert. denied, 382 U.S. 879, 86 S.Ct. 164, 15 L.Ed.2d 120 (1965); United States v. Manns, 232 F.2d 709 (7th Cir. 1956); Rowton v. United States, 229 F.2d 421 (6th Cir., cert. denied, 351 U.S. 930, 76 S.Ct. 788, 100 L.Ed. 1460 (1956).

■■ Jones claims prejudice because an advisor would have told him of his right to a personal appearance before the Board and of his right to appeal his classification. He also claims prejudice because of confusion resulting from a Board employee's informing him that he could not be present at the Board meeting on May 24. But SSS Form 110 clearly informed Jones of his right to a personal appearance[2] and an appeal. United States v. Capson, 347 F.2d 959, 963 (10th Cir., cert. denied, 382 U.S. 911, 86 S.Ct. 254, 15 L.Ed.2d 163 (1965). Jones, a high school graduate and a barber, must be charged with this knowledge, whether or not he read the form. He took no action until after receiving his induction notice, thereby waiving these rights. We hold that his receipt of SSS Form 110 refutes any claim of prejudice in these respects.

■ We disagree that Jones was prejudiced because an advisor would have told him how and when to fill out SSS Form 150 to make his claim of conscientious objection. His file before the Board indicated the reason for the delay was the employee's error, and we must presume that the Board acted regularly and did not consider the delay as reflecting on Jones' sincerity. And Jones makes no claim that the Board had no basis in fact for the classification or that his ignorance prevented him from presenting any other grounds for deferment. Those

cases where prejudice has been shown have involved more complex problems which no registrant could be expected to resolve without the help of an advisor. E.g., Steele v. United States, 240 F.2d 142 (1st Cir. 1956); United States v. Schwartz, 143 F.Supp. 639 (E.D.N.Y. 1956).

We disagree with Jones' second contention that his due process rights were violated by the Board employees' failure to advise him of his rights and liabilities. What we have said above is equally applicable here to refute any claim of prejudice.

■ Jones' last claim, that he never received SSS Form 110, is without merit. The record shows that the form was properly addressed and mailed, and Jones did not raise any issue at trial with respect to receipt. We must presume that the form arrived in the regular course of the mail. McCormick, Evidence § 309 (1954).

We extend our thanks to Mr. Terrance L. Pitts, court-appointed counsel, for his dedicated representation of defendant in this court.

Affirmed.

SCHNACKENBERG, Circuit Judge, (concurring):

As to Jones' contention that he was deprived of due process of law because local draft board advisors were not appointed for registrants in the State of Wisconsin, it should be borne in mind that under the Universal Military Training Act the burden is placed upon each state to furnish men for national military service. The Act itself does not provide for the appointment of advisors to registrants. By executive order dated January 31, 1955, Selective Service Regulations were amended (32 C.F.R. § 1604.41) to provide as follows:

"Advisors to registrants may be appointed by the Director of Selective

---

2. As distinguished from appearing at the Board classification meeting. See 32 C.F.R. § 1624.1(a).

Service upon recommendation of the State Director of Selective Service * * * "

Thus in meeting its quota each state is free to appoint advisors to registrants or not as it sees fit. No federal constitutional provision requires such assistance. Steele v. United States, 1 Cir., 240 F.2d 142, 145 (1956). Defendant does not contend that he was treated differently from all other registrants in Wisconsin in this respect.