**UNITED STATES of America**

v.

**Stephen SPIRO, Appellant.**

No. 16073.

United States Court of Appeals
Third Circuit.

Argued June 5, 1967.

Decided Aug. 29, 1967.

As Amended On Denial of Rehearing
Oct. 20, 1967.

Esther Strum Frankel, Frankel & Frankel, Paterson, N. J., for appellant.

Matthew J. Scola, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Richard D. Catenacci, Asst. U. S. Atty., Newark, N. J., on the brief), for appellee.

Before STALEY, Chief Judge, KALODNER, Circuit Judge, and SHERIDAN, District Judge.

OPINION OF THE COURT

STALEY, Chief Judge.

This appeal is from a conviction under an indictment charging a violation of 50 U.S.C. App. § 462 (1964). Defendant, Stephen Spiro, was classified I–A by his local draft board and at his trial he challenged the validity of this classification, contending that he should have been classified as a conscientious objector. The district judge, sitting without a jury, found that appellant, a Roman Catholic, was properly classified by the appropriate Selective Service authorities as I–A. He further found that appellant was accorded due process before the local board and the appeal board. The same issues that were raised in the district court are raised here.

■ Appellant claims that the granting of conscientious objector status to Jehovah Witnesses who will fight only in a theocratic war and the denial of such status to a Catholic who will fight only in a "just war" violates his federally protected right to religious freedom and equal protection of the law. Both the Selective Service authorities and the district court found that appellant did not

meet the statutory test for granting of conscientious objector status. See 50 U.S.C. App. § 456(j) (1964). We have authority to reverse only if there has been a denial of basic procedural fairness or if the conclusion of the board is without any basis in fact. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); United States v. Sturgis, 342 F.2d 328, 331 (C.A.3), cert. den., 382 U.S. 879, 86 S.Ct. 164, 15 L.Ed.2d 120 (1965); Blalock v. United States, 247 F.2d 615, 619 (C.A.4, 1957).

■■ After thoroughly reviewing the record we can only conclude that appellant's classification did have a factual basis. Once this conclusion is reached, we are without jurisdiction to delve into the legal and theological implications of appellant's beliefs. We do have jurisdiction, however, and we deem it necessary, to review the procedures followed by appellant's local board in order to determine whether he was afforded due process.

Appellant contends that he was denied due process under 32 C.F.R. §§ 1626.41,[1] 1626.61(b),[2] and 1627.8 [3] (1962) when the local board failed: (1) to notify him that a Government appeal agent was available to advise him, (2) to apprise him that the Government agent had ten days within which to request reconsideration by the appeal board or to request a Presidential appeal, and (3) to wait ten days after sending the notice of classification, before issuing an induction order.

■■ Assuming, arguendo, that the local board did violate one or more Selective Service Regulations, before we can set aside the conviction it must also appear that appellant was prejudiced by the alleged violations. United States ex rel. Lipsitz v. Perez, 372 F.2d 468 (C.A.4, 1967); United States v. Sturgis, 342 F.2d 328 (C.A.3, 1965), cert. den., 382 U.S. 879, 86 S.Ct. 164 (1965); United States v. Lawson, 337 F.2d 800 (C.A.3, 1964), cert. den., 380 U.S. 919, 85 S.Ct. 913, 13 L.Ed.2d 804 (1965). It is urged that the Government should bear the burden of showing that no harm occurred. Steele v. United States, 240 F.2d 142 (C.A.1, 1956). But this Circuit stated in United States v. Sturgis, "it seems the better view that the person asserting it, here the appellant, should have the burden of proving prejudice." 342 F.2d at 331. Accord, Bradshaw v. United States, 242 F.2d 180 (C.A.10, 1957); Rowton v. United States, 229 F.2d 421 (C.A.6), cert. den., 351 U.S. 930, 76 S.Ct. 788, 100 L.Ed. 1460 (1956); United States v. Manns, 135 F.Supp. 624 (N.D. Ill.1955), aff'd, 232 F.2d. 709 (C.A.7, 1956).

■ Although appellant has failed to demonstrate that he was prejudiced because of the alleged failure of the local board to comply with Selective Service Regulations, we have independently examined the record because of the seriousness of the question involved. Our examination discloses no prejudice to appellant. Selective Service Regulation 1604.41 (32 C.F.R. § 1604.41 (1962)) requires conspicuous posting in the local board office of the names and addresses of advisors to registrants within the local board area.[4] At appellant's trial the

1. See note 5 infra.

2. The relevant portions of 32 C.F.R. § 1626.61(b) (1962) are set out on page 4 of the text infra.

3. Section 1627.8 of the Selective Service Regulations provides:
"The local board shall not issue an order for a registrant to report for induction either during the period afforded the registrant to take an appeal to the President or during the period such an appeal is pending. Any order to report for induction which has been issued during either of such periods shall be ineffective and shall be cancelled by the local board. Whenever an appeal to the President has been taken by a person entitled to do so, any order to report for induction which has previously been issued to the registrant shall be ineffective and shall be cancelled by the local board." 32 C.F.R. § 1627.8 (1962).

4. Section 1604.41 of the Selective Service Regulations states:
"Advisors to registrants may be appointed by the Director of Selective Service upon recommendation of the

chief clerk of the local board testified that the names of both the government appeal agent and the advisors to registrants were posted on the bulletin board in the office of the local board. Appellant also testified that on the day of his induction he noticed the names of these individuals on the bulletin board.

Selective Service Regulation 1626.61 (b) (32 C.F.R. § 1626.61(b) (1962)) provides in part:

"At any time within 10 days after the date when the local board mails to the registrant a Notice of Classification * * *, or at any time before the registrant is mailed an Order to Report for Induction, * * * the government appeal agent, if he deems is to be in the national interest or necessary to avoid an injustice, may prepare and place in the registrant's file a recommendation that the State Director of Selective Service either request the appeal board to reconsider its determination or appeal to the President. * * * "

■■ Appellant claims that the mailing of the order to report for induction within six days of the mailing of the notice of classification reduced the time in which the government appeal agent could have acted in his behalf from ten days to six days. We do not agree. Appellant's notice of classification was mailed on December 15, 1964, but he was not ordered to report for induction until January 6, 1965, some 22 days later.

We see no reason why the mailing of the notice of induction would have precluded the government appeal agent from entertaining a request by appellant during the remaining four-day period. Nor do we see any merit in appellant's contention that 32 C.F.R. § 1626.41 (1962) renders the induction order ineffective.[5] Section 1626.41 applies only during the period when a registrant may appeal his classification or during the period when such an appeal is pending. It noticeably omits all reference to the time period applicable in § 1626.61(b) (the time in which a government appeal agent may act on behalf of a registrant).

As mentioned above, even if we assume that appellant's local board failed to comply with one or more Selective Service Regulations, we do not see how such failure could have been prejudicial. Appellant had initially been classified 1–A–0 by his local board. He appealed to the Selective Service Appeal Board seeking a 1–0 classification. He had a hearing before a Hearing Officer, and was investigated by the Conscientious Objector Section of the Department of Justice. At all appellate levels of the Selective Service System, the same decision was reached. The Hearing Officer, the Justice Department, and the Appeal Board were of unanimous agreement that appellant did not meet the statutory exemption set forth in 50 U.S.C. App. § 456(j) (1964), in that he had not demonstrated a conscientious objection to participation in war in any form. By a vote of 3 to 0,

State Director of Selective Service to advise and assist registrants in the preparation of questionnaires and other selective service forms and to advise registrants on other matters relating to their liabilities under the selective service law. Every person so appointed should be at least 30 years of age. The names and addresses of advisors to registrants within the local board area shall be conspicuously posted in the local board office." 32 C.F.R. § 1604.41 (1962).

5. Selective Service Regulation 1626.41 provides:

"The local board shall not issue an order for a registrant to report for induction either during the period afforded the registrant to take an appeal to the appeal board or during the period such an appeal is pending. Any order to report for induction which has been issued during either of such periods shall be ineffective and shall be cancelled by the local board. Whenever an appeal to the appeal board has been taken by a person entitled to do so, any order to report for induction which has previously been issued to the registrant shall be ineffective and shall be cancelled by the local board." 32 C.F.R. § 1626.41 (1962).

the Appeal Board classified appellant 1–A. His file was returned to the local board, and he was notified of his 1–A classification. Appellant has not shown, nor are we persuaded by our examination of the record, that intervention of the government appeal agent would have evoked any other classification.

The judgment of the district court, therefore, will be affirmed.