UNITED STATES of America,
Plaintiff-Appellee,

v.

David Herman PRIMOUS, Defendant-
Appellant.

No. 17288.

United States Court of Appeals
Seventh Circuit.

Jan. 9, 1970.

Certiorari Denied April 20, 1970.
See 90 S.Ct. 1395.

Lawrence S. Galka, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Chicago, Ill., John Peter Lulinski, Michael B. Nash, Eugene Robinson, Lawrence T. Stanner, Asst. U. S. Attys., of counsel, for appellee.

Before HASTINGS, Senior Circuit Judge, and KILEY and CUMMINGS, Circuit Judges.

KILEY, Circuit Judge.

The district court, without a jury, convicted defendant of willfully refusing to submit to induction. He has appealed. We affirm.

Defendant, while an eighteen year old high school student, was erroneously classified I-A. After his graduation he was given the same classification. On three occasions thereafter he was denied hardship deferments, and each time the I-A classification was retained. On the last occasion he appealed and the appeal board approved the classification. He was ordered to report for induction, failed to report, and his indictment, trial and conviction followed.

■ Defendant contends that when he was first classified I-A he was a high school student entitled to a student deferment under 32 C.F.R. § 1622.15, and his initial I-A classification was, *ipso facto*, void *ab initio*, has continued to be void, has vitiated the order to report for induction, and cannot be a basis for his conviction. The government concedes the failure of the board to comply with Section 1622.15 when it originally classified defendant I-A instead of I-S.

However, the government argues that the defendant was, after his graduation from high school, reclassified I-A three additional times by his board when his requests for hardship deferment were denied, with the third determination approved by the appeal board. Furthermore, the government argues defendant has not shown the required prejudice.

This court's decision in United States v. Manns, 232 F.2d 709 (1956), supports the government's second argument. The court there said: "We think it is clear that where, as here, no harm or prejudice resulted from a violation of a regulation the proceedings of the board are not invalidated." *Id.* at 711. Defendant has not shown any prejudice resulting from the error in the classification process. Nor is there merit in the argument that in *Manns* a violation of a regulation was involved while here a violation of a statute (50 U.S.C.A. App. § 456 (i) (1)) is involved. We see no reason to treat a statute differently from a regulation issued by the Director of Selective Service or by the President. We hold that the several I-A classifications which occurred after defendant's graduation, plus the lack of showing of prejudice, render defendant's first argument meritless.

■ The file, in a Report of Oral Information dated November 18, 1965, states that defendant claimed hardship deferment on the basis that his support was needed by his mother and an ill brother Timothy; that his mother who is remarried and "now" named Wynn,[1] owns a two-flat building where they and two other brothers and their wives live; and that defendant bought a Chevrolet Impala September 26, 1965, and was paying $83.81 per month on the purchase price and on auto insurance.

A Dependency Questionnaire in the file, dated December 9, 1965, states defendant contributed "all I can give" to the support of his mother and brother Timothy; that he was employed as a railroad brakeman and switchman at $123.00 per week before taxes; that he had monthly obligations of "no set amount" for lights, gas, oil and food; that—contrary to the statement in the November 18 report—he did not own an automobile; that his father died in February, 1963; and that his mother does not qualify in age for Social Security. The Questionnaire contains defendant's handwritten answers containing substantially what he had previously stated orally to the board. There are also in the file three affidavits of neighbors, requested by the board, bearing January, 1966 dates, stating that defendant is sole support of his mother.

A Report of Oral Information dated April 19, 1966, in the file states that defendant appeared in person that day, claiming he was sole support of his mother and invalid brother; that "close examination" showed his mother owned the two-flat building; that his older brother Carl, age 28, lives on the first floor and pays rent to his mother;[2] and that defendant presented no evidence in support of his claim "other than [to] 'ask his mother'" who was not present at the hearing. The board's continued refusal of the request for a hardship

---

1. At the trial defendant's mother testified she had not remarried and that her maiden name was Wynn. This has no relevancy to our determination here, limited to the file made before the Board.

2. At the trial defendant's mother testified that this older brother was not in fact then paying rent, having been injured a year before the personal hearing. This has no effect upon the summary in the file, which, when made, provides a basis in fact for the classification.

deferment, and confirmation of the I-A classification, were approved by the appeal board.

Defendant contends the information in the three affidavits was "some evidence" to support his contentions for a hardship deferment, and that since the summary says "no evidence" was presented at the personal hearing, there is a plain violation of the Selective Service Act. The board sought the affidavits, they are in the file and we must presume they were considered, although not mentioned specifically in the summary of the personal hearing. See Yeomen v. United States, 400 F.2d 793, 797 (10th Cir. 1968). This court believes the information given by defendant at the hearing could be reasonably found to clearly outweigh the affidavits.

 The summary report of defendant's oral statements is not in defendant's handwriting as required by 32 C.F.R. § 1624.2. We are not informed by the file why this is so. But we cannot infer denial of due process from the violation itself.[3]

Defendant claims that the denial of his original request for hardship deferment under 32 C.F.R. § 1622.30(b)[4] was based on a note in his file that his brother was a member of the Black Dragon Society. There is a typed unsigned note in the file referring to defendant's brother Wilbur:

Brother–11–48–44–189
Wilbur Osborne Primous –
Rejected at AFES
Mentally disqualified –
(belongs to Black Dragon
Society) Emp. with the
Crane Co.

However, the file entries which we have discussed above justified the board's refusal to grant the hardship deferment. We therefore presume the notation was not the reason for the denial of the hardship deferment, and that the file, in its entirety, was properly considered. Yeoman v. United States, *supra*.

 Finally, we see no merit in defendant's claim that the board was capricious in discriminating against him by denying him advice that there was a list of draft advisers available to help him, which was given to other registrants. The file contains a letter written to defendant granting his request for a personal appearance and telling him that he could not be represented by an attorney or any other person at the hearing, "other than the regularly appointed government appeal agent." Defendant was a high school graduate. who should have understood what was said in the letter, and if he did not he could have requested help in understanding. There is no showing that he was denied "equal justice."

 The burden was upon defendant to produce information sufficient for the board to determine his qualification for a hardship deferment. 32 C.F.R. § 1622.10. The board had no burden to seek evidence to aid defendant in establishing his case. We conclude that there was substantial compliance with the requirements of the regulations, that the board did not act capriciously in classifying defendant I-A and denying his request for a hardship deferment, and that there is a basis in fact for the I-A classification.

---

3. We must say that although we recognize that board members are dedicated, voluntary, unpaid workers in the Selective Service Act administration, failure to have the files of registrants comply literally with provisions of regulations causes registrants to doubt the integrity of the classification process, sometimes creates needless prosecutions and thus an undue burden on courts.

4. Section 1622.30(b) provides:
In Class III–A shall be placed any registrant whose induction into the armed forces would result in extreme hardship (1) to his wife, divorced wife, child, parent, grandparent, brother, or sister who is dependent upon him for support, or (2) to a person under 18 years of age or a person of any age who is physically or mentally handicapped whose support the registrant has assumed in good faith. * * *

For the reasons given, the judgment is affirmed.

The court expresses its appreciation to Mr. Lawrence S. Galka, of the Illinois Bar, for his dedicated services as court-appointed counsel.

Affirmed.