Douglas C. TUXWORTH, Plaintiff,
Appellee,

v.

Robert F. FROEHLKE, Secretary of the
Army et al., Defendants, Appellants.

No. 71-1305.

United States Court of Appeals,
First Circuit.

Oct. 4, 1971.

Robert B. Collings, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on motion, for appellants.

Paul I. Feinberg, Boston, Mass., for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This matter is before us on an appeal from an order of the district court granting a preliminary injunction pending a hearing on the merits. Appellants move for a summary judgment of reversal under Local Rule 6. *Cf.* Magnesium Casting Co. v. Hoban, 1 Cir., 1968, 401 F.2d 516, cert. denied 393 U.S. 1065, 89 S.Ct. 720, 21 L.Ed.2d 708. We reverse, without reaching possible questions of jurisdiction, *cf.* Benitez-Manrique v. Micheli, 1 Cir., 1971, 439 F.2d 1173, or of the necessity of petitioner's exhausting his administrative remedies, *cf.* Noyd v. McNamara, 10 Cir., 1967, 378 F.2d 538, cert. denied 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667.

Briefly, petitioner Tuxworth, in January 1970 received an order from his Selective Service Board, which had previously classified him as I-A, to report

for induction on February 24, 1970. On February 13, following his request to cancel the order of induction to permit his enlistment in the Army, the State Director ordered his local board, upon a form apparently regularly employed for such purposes, to postpone the induction date so that petitioner might enlist in the Army on February 27. Pursuant to that request petitioner's local board, on February 17, executed a postponement of the induction order to March 24, 1970, "to permit you to enter upon active duty in the U. S. Army February 27, 1970 for three years," adding that "if for any reason you do not, you are obliged to immediately inform this local board." Petitioner duly enlisted, and following notification thereof, on March 18, 1970 his local board cancelled the order for induction and placed petitioner in classification I–C.

Thereafter, sometime in June, 1971 petitioner, displeased with a prospective new assignment, absented himself from the Army without leave and is still at large in spite of efforts to recover his person. In August he filed the present complaint, requesting that his enlistment be declared void, and that the named defendants, the Secretary of the Army, State Director of the Selective Service, and Commanding General of Fort Devens be enjoined from apprehending and "involuntarily returning [him] to military control and/or custody." Following a hearing, the district court granted a preliminary injunction to that effect, "in order to preserve the jurisdiction of the court until a hearing can be held on the merits. * * *"

■ No preliminary injunction should be granted in any case unless there appears to be a reasonable possibility of success on the merits. Granted that the necessary degree of likelihood of success depends upon various considerations, cf. Automatic Radio Mfg. Co. v. Ford Motor, 1 Cir., 1968, 390 F.2d 113, cert. denied 391 U.S. 914, 88 S.Ct. 1807, 20 L.Ed.2d 653, we must perceive at least some substantial possibility. Here we see none.

■ Petitioner's entire complaint is based upon 50 U.S.C.App. § 465(d), which reads, in pertinent part,

"* * * [N]o person shall be accepted for enlistment after he has received orders to report for induction. * * *"

In the absence of any discoverable legislative history to the contrary or any court interpretation, the apparent purpose of this statute is to prevent a registrant from selecting a branch of the service not meeting the current requirements of his local board. The provision seems clearly for the protection of the board, not of the inductee. Petitioner correctly concedes that the board could have, on his request, cancelled the order of induction, and freely permitted the enlistment. In no way was he prejudiced by the two-step procedure by which the board kept a string to make sure that he enlisted in the manner which, when it issued the order of postponement, was agreeable to it.

While no case has been found on these facts, it is commonly said that a technical departure not harmful to an inductee affords him no rights. United States ex rel. Lipsitz v. Perez, 4 Cir., 1967, 372 F.2d 468, cert. denied 389 U.S. 838, 88 S.Ct. 57, 19 L.Ed.2d 100; United States v. Lawson, 3 Cir., 1964, 337 F.2d 800, cert. denied 380 U.S. 919, 85 S.Ct. 913, 13 L.Ed.2d 804. We find this to be such. The same result might be obtained by adopting a more legalistic approach. Whatever might have been petitioner's status as an enlistee between February 27 and March 18, the voluntary cancellation of the order of induction with full knowledge on the latter date terminated the restriction and ratified the enlistment. At the least, if the enlistment did not relate back to February 27 nunc pro tunc, any impediment was removed from and after the cancellation date.

Petitioner has not yet discovered authority in any way at variance with the above reasoning. Out of an abundance of consideration, however, we will not order the complaint dismissed at this time, but we do sustain the appeal with

respect to the preliminary injunction, and order it vacated forthwith. Without waiving the claim that petitioner should have pursued his internal remedies, Army Regulations 635–200 ¶ 5–31 (Erroneous Enlistment), or, at a minimum, should have proceeded by way of habeas corpus and not adopted a procedure of fly now, plead later, the defendants, with consideration equal to ours, agree that upon his apprehension or surrender they will maintain custody of petitioner within the district until final adjudication of this action.

So ordered.