**Buen Daniel Wayne STOKUM, Petitioner-Plaintiff,**

v.

**John W. WARNER, Secretary of the Navy et al., Respondents-Defendants.**

**Civ. No. 73–1190.**

United States District Court, C. D. California.

June 12, 1973.

Joseph Shemeria, Los Angeles, Cal., for petitioner.

Alan W. Peryam, Los Angeles, Cal., for respondent.

262

MEMORANDUM OPINION AND OR-
DER DENYING TEMPORARY
RESTRAINING ORDER AND PE-
TITION FOR WRIT OF HABEAS
CORPUS

HAUK, District Judge.

This matter came on for hearing on the motion of the Petitioner-Plaintiff for a Temporary Restraining Order before the Honorable A. Andrew Hauk, United States District Judge, on June 7, 1973 at 3:15 P.M. Petitioner-Plaintiff appeared by Joseph Shemeria, in support of the motion and the Petition for Writ of Habeas Corpus, and the Government was represented by Assistant U. S. Attorney Alan W. Peryam, in opposition to the motion for Temporary Restraining Order and in opposition to the Petition for Writ of Habeas Corpus. The Court having considered the pleadings of the Petitioner-Plaintiff including the Petition itself and the Memorandum of Points and Authorities, and having heard argument of counsel, it is therefore

Ordered, adjudged and decreed as follows:

1. Assuming without deciding that this Court has jurisdiction over the parties to this action, the Court finds that the allegations contained in the Petition for Writ of Habeas Corpus do not state a basis upon which the requested Temporary Restraining Order or the Writ of Habeas Corpus may be granted, even assuming the truth of all factual allegations of the Petition.

■ 2. Specifically, the Court holds that the provisions of 50 App. U.S.C.A. § 465(d), as they existed at the time of petitioner's enlistment in May of 1970, were for the protection and enforcement of the Selective Service laws, and not for the purpose of benefiting persons such as petitioner, who enlist while knowingly under an order to report for induction, and in this regard the Court holds that petitioner-plaintiff lacks standing to assert that his enlistment in May 1970

was invalid. See Allen v. Warner, et al., Civil No. 72–1171–IH, (Judgment filed June 23, 1972); Tuxworth v. Froehlke, 449 F.2d 763 (1st Cir. 1971); Kinney v. Secretary of Defense, 462 F.2d 606 (1st Cir. 1971), and Rudick v. Laird, 412 F.2d 16 (9th Cir. 1969), cert. denied, 396 U.S. 918, 90 S.Ct. 244, 24 L.Ed.2d 197.

■ 3. The enlistment of petitioner-plaintiff into the United States Navy was not unlawful. Tuxworth v. Froehlke, *supra*.

4. In accordance with the holding set forth in the preceding paragraphs, it is now ordered

a. That the motion of the petitioner-plaintiff for a Temporary Restraining Order is denied;

b. That the Petition for Writ of Habeas Corpus is denied; and that

c. Judgment shall be entered for the respondents-defendants.