The **UNITED STATES of America**

v.

**Peter Charles KOVALCHICK.**

**Crim. No. 22396.**

United States District Court
E. D. Pennsylvania.

July 12, 1966.

Drew J. T. O'Keefe, U. S. Atty., Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Herbert W. Salus, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

CLARY, Chief Judge.

Defendant, Peter Charles Kovalchick, was born on July 21, 1942 and registered for Selective Service in 1960. On August 10, 1962 he filed a classification

questionnaire with the Selective Service Board claiming an exemption from military service, both as a conscientious objector (1-O) and as a minister (4-D). The local Board classified defendant solely as a conscientious objector on September 20, 1962. He was, therefore, exempted from any service in the Armed Forces, but was still obligated to serve the country in a civilian capacity. Defendant appealed to the local Board, as well as to the Appeal Board, both of which affirmed the 1-O classification and denied defendant a 4-D exemption. In the pertinent periods of time, defendant worked full time (48 hours per week) as a heavy equipment operator and was so functioning at time of trial.

Early in 1964 defendant passed his Armed Services physical examination and the Board inquired concerning his choice of civil work program. Defendant continually rejected the opportunities for civilian employment offered by the Board, and again stated that he was a minister and thus not subject to any work in lieu of military service. Finally, an indictment was returned upon his failure to report for work on February 23, 1965. After a trial by a jury, defendant was found guilty of refusing to obey the order of his local Selective Service Board to report at the Norristown State Hospital, in violation of 50 App. U.S.C. §§ 456(j), 462. Defendant then brought this present motion for a new trial or, in the alternative, in arrest of judgment. For the reasons given below, such motion will be denied.

■ Defendant argues that the Court erred in refusing to allow his witness, Edward Dunn, to testify concerning defendant's ministerial activities. The scope of review by this Court supervising the actions of the Draft Board is very narrow. The Court must merely determine if there was any basis in fact for the decision of the Board, Witmer v. United States, 348 U.S. 375, 380, 75 S.Ct. 392, 99 L.Ed. 428 (1955), Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953), Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567 (1946), and whether the registrant was given a sufficient opportunity to present his arguments at a hearing to meet the requirements of substantive and procedural due process. United States v. Majher, 250 F.Supp. 106, 109 (S.D.W.Va.1966), United States v. Hestad, 248 F.Supp. 650, 656 (W.D.Wis.1965). As the Court stated in Witmer, supra, 348 U.S. at 380–381, 75 S.Ct. at 395:

"It is well to remember that it is not for the courts to sit as super draft boards, substituting their judgments on the weight of the evidence for those of the designated agencies. Nor should they look for substantial evidence to support such determinations * * * The classification can be overturned only if it has 'no basis in fact.'"

In light of this narrow scope of review, and in light of the jury's finding that there was a basis in fact for the decision of the Board, defendant could not have been prejudiced by the Court's refusal to allow this enlargement of the record. See also United States v. Sturgis, 342 F.2d 328 (3 Cir. 1965), cert. denied, 382 U.S. 879, 86 S.Ct. 164, 15 L.Ed.2d 120 (1965).

■ Defendant further contends prejudice because of lack of counsel before the Board and by the Board's failure to provide him with advisors. Lack of counsel before the Board is not ground for reversal of a conviction, United States v. Sturgis, supra. The case of United States v. Schwartz, 143 F.Supp. 639 (E.D. N.Y.1956), cited by counsel for the defendant at oral argument with respect to advisors, is inapposite. The ruling in that case was under an earlier regulation which provided that advisors "shall" be appointed for each Board. This regulation was amended as early as February 3, 1955 to change "shall" to "may". 32 C.F.R., § 1601.41. See 1955 United States Code Congressional and Administrative News, page 1055. Furthermore, not only did the defendant fail to carry his burden to prove he was prejudiced by such failure (see United States v. Sturgis, supra), but the testimony dis-

closed that he had actually been advised in these matters by witness, Edward Dunn, the Congregational Servant. Mr. Dunn was recognized by the Draft Board as an ordained minister and presiding clergyman of Jehovah's Witnesses in that area. Clearly, defendant's contention has no merit.

Finally, defendant urges that the Court erred in not dismissing for cause a prospective juror (stricken by defendant), who admitted that he was prejudiced against Jehovah's Witnesses. This juror was one of four, from which group two alternates were to be chosen. The case was a short case and the likelihood of need of any alternates was slight. No alternate was needed. The original jury already picked decided the case. The contention is likewise without merit.