UNITED STATES of America

v.

Joseph HELJENEK.

Crim. No. 22587.

United States District Court
E. D. Pennsylvania.

Nov. 6, 1967.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Herbert W. Salus, Jr., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

In a case tried to the Court without a jury, Joseph Heljenek, a Jehovah's Witness, was found guilty of failure to perform a duty required of him under the Selective Service Act. 50 Appendix, U. S.C. §§ 456(j) and 462. The Selective Service Board had granted Heljenek exemption from military service as a conscientious objector (Class I-O) but denied him classification and exemption as a minister (Class IV-O). He was ordered to report for civilian duty and refused. That failure and refusal resulted in the criminal charge.

Heljenek seeks to set aside the conviction and to have a new trial awarded on the grounds that

(1) the Court erred in denying his offer of evidence to support his claim that he was entitled to exemption as a minister; and

(2) he was denied due process of law by the Selective Service Board in that he was not permitted the assistance of counsel at Board proceedings and the Board failed to provide him with an advisor or notify him of his right to be counseled by a government appeal agent.

*Exclusion of Evidence.*

■ The scope of judicial review of Selective Service proceedings is extremely narrow. The Board's action must be sustained if there is some factual support for it. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); United States v. Sturgis, 342 F.2d 328 (3d Cir. 1965), cert. denied, 382 U.S. 879, 86 S.Ct. 164, 15 L.Ed.2d 120 (1965); Blalock v. United States, 247 F.2d 615 (4th Cir. 1957); United States v. Kovalchick, 255 F.Supp. 826 (E.D.Pa.1966). Cf. Wiggins v. United States, 261 F.2d 113 (5th Cir. 1958).

At the criminal trial defendant's Selective Service file was introduced in evidence. From that file it appears that in 1962 Heljenek's Local Board originally classified him I-A. After a personal interview granted at the applicant's request, the Local Board reclassified him I-O, conscientious objector, exempting him from military service but obligating him to perform civilian work of national importance. The Board rejected Heljenek's claim for a IV-D ministerial exemption. The classification was sustained on appeal.[1]

■ The Selective Service file reveals that during the period in which Heljenek

---

1. On August 14, 1962, the Appeal Board upheld defendant's I-O classification. Shortly thereafter he sought a stay of induction. On January 28, 1964, State headquarters reviewed his file and asked him to submit his choice for civilian work. State Board again reviewed defendant's file in September 1964. Defendant appeared at a meeting before the Local Board on January 13, 1965 and in March of that year his file was sent to the Di-

rector of Selective Service for his approval of the Local Board's decision to order defendant to report to Norristown State Hospital. After he failed to report, he was interviewed on April 15, 1966, by the Local Board at which time he submitted additional information for his file. The Local Board reviewed the new information but again denied his request to be classified IV–D.

claimed ministerial exemption he was engaged in secular employment, working an average of 50 hours a week as a warehouseman. Within the Jehovah's Witness sect he was a Book Study Conductor, a classification several stages below Pioneer Minister, the lowest classification recognized by the Selective Service System for ministerial exemption. As a Book Study Conductor, Heljenek devoted about 12 hours a week to Jehovah's Witness duties, whereas a pioneer Minister is required to devote a minimum of 100 hours a month to house to house preaching alone, in addition to performing other duties. The information contained in the file affords ample evidentiary support for the Board's action in classifying Heljenek I-O rather than IV-D. The offer of evidence, in the criminal trial, to support the claim to ministerial exemption was properly refused. United States v. Sturgis, supra; United States v. Kovalchick, supra.

*Due Process.*

■ Defendant's contention that due process requires the assistance of counsel at Selective Service proceedings is answered by the following quotation from United States v. Sturgis, supra, 342 F.2d at 332:

"* * * the proceedings before the Board are non-judicial in nature and they are clearly non-criminal. The appellant here was neither a suspect nor an accused and he was appearing before Local Board No. 121, which was giving him a hearing only in an administrative proceeding. Therefore, to extend the right of counsel to an individual who is concerned in a non-judicial and non-criminal proceeding would be an unwarranted extension of an individual's right to counsel."

See also United States v. Pitt, 144 F.2d 169 (3d Cir. 1944).

■ Defendant contends also that the Board's failure to appoint advisors and to inform him of the availability of a government appeal agent constituted a denial of due process. The complaint about the failure to appoint advisors clearly lacks merit since, at the time Heljenek's case was before the Board, appointment of advisors by a Local Board was purely discretionary. 32 C.F.R. § 1601.41. See 1955 U.S. Code and Administrative News, p. 1055. In the exercise of its discretion, Heljenek's Local Board did not appoint advisors and its failure to do so violated neither the Selective Service Act nor regulations promulgated thereunder.

■■ The complaint about the failure to inform of the availability of a government appeal agent has more substance, but even assuming that Heljenek was entitled to be, and that he was not, apprised of the availability of a government appeal agent, it was his burden to establish that he was prejudiced by that violation, and he has failed to carry the burden. United States v. Spiro, 384 F.2d 159 (3d Cir. June 5, 1967); United States v. Sturgis, supra; United States v. Lawson, 337 F.2d 800 (3d Cir. 1964), cert. denied, 380 U.S. 919, 85 S.Ct. 913, 13 L.Ed.2d 804 (1965). Heljenek used appropriate appeal procedures to obtain review of his case (see footnote 1, supra.), so no prejudice has been shown in that respect. As for his classification, there is nothing in this record to indicate that an appeal agent would have been able to obtain a different classification or result. It is contended now, in the argument on these motions, that if Heljenek had had the benefit of expert advice he "might have qualified" for a dependency exemption. Heljenek presented no evidence that he was not aware of dependency exemptions. To the contrary, there is evidence that he had been counseled and had received extensive materials concerning the Selective Service Act from the Jehovah's Witness organization. Moreover, from a review of the file, I am satisfied that Heljenek had no colorable claim to a dependency exemption. Dependency exemptions are granted to those " * * * whose induction into the armed forces would result in extreme hardship * * *." to enumerated classes of dependents. 32 C.F.R. § 1622.30(b). A registrant claiming such

582

an exemption has the burden of clearly establishing his right thereto. Fleming v. United States, 344 F.2d 912 (10th Cir. 1965); Carlson v. United States, 364 F. 2d 914 (10th Cir. 1966). On the classification questionnaire, under the heading "Marital Status and Dependents", Heljenek stated that he contributed $400 a year to each of his parents; that his father was 65 years of age and, in the place provided for an answer as to his father's annual income, responded "Will be retired." It is apparent that there is no substance to the contention that Heljenek "might have qualified" for a dependency exemption.

The motions in arrest of judgment and for new trial will be denied.