In the Matter of the Petition of
Clifford R. RADEL

v.

Commanding Officer, Afees, Commander Thomas M. VOLATILE and Secretary of Defense.

Civ. A. No. 69-2439.

United States District Court,
E. D. Pennsylvania.

Nov. 13, 1969.

Alan Klein, Philadelphia, Pa., for plaintiff.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

WEINER, District Judge.

Petitioner, having submitted to induction into the Armed Forces of the United States has presented for our consideration his petition for a writ of habeas corpus contending that his induction was unlawful. The hard core of his argument is bottomed upon his allegation that the denial of his request for a reopening of his classification, by his local board, was both illegal and arbitrary. He alleges that the board was presented with information not considered when he was classified I–A, which information justified a change in petitioner's I–A status and entitled him to a III–A (extreme hardship) classification.

The relevant regulation, 32 C.F.R. § 1622.30(b) provides: "In Class III–A shall be placed any registrant whose induction into the armed forces would result in extreme hardship (1) to his \* \* parent \* \* \* who is dependent upon him for support".

It is well settled that a Local Board must reopen upon request if the registrant has presented a prima facie case for the classification claimed. Howze v. United States, 409 F.2d 27 (9th Cir. 1969); United States ex rel. Vaccarino v. Officer of Day, "John Doe" and Local Board No. 1, 305 F.Supp. 732 (S.D.N.Y. Opinion filed October 28, 1969). A selective service registrant claiming exemption on the ground that

he is entitled to a hardship-dependency classification has burden of clearly establishing his right to that classification. Carlson v. United States, 364 F.2d 914 (10th Cir. 1966). The failure of the board to reopen a classification after registrant has presented a prima facie case for a requested deferment violates the registrant's right to procedural due process because it not only denies registrant the opportunity of a personal appearance before the Board but also forecloses an appeal from its determination. United States v. Vincelli, 215 F.2d 210, 213 (2d Cir. 1954); United States v. Burlich, 257 F.Supp. 906, 911 (S.D.N.Y. 1966). However, the Board may not act arbitrarily or capriciously or refuse fair consideration based upon the newly presented facts. Olvera v. United States, 223 F.2d 880, 882 (5th Cir. 1955); United States ex rel. Berman v. Craig, 207 F.2d 888, 890 (3d Cir. 1953). Accordingly, the ultimate question in this case is whether or not the additional facts presented to the Board established a prima facie claim of extreme hardship. It is at the discretion of the Local Board to determine whether a particular registrant has met that burden, Fleming v. United States, 344 F.2d 912 (10th Cir. 1965), and if he has met the burden of establishing a prima facie claim of extreme hardship, the Board must reopen the registrant's classification and consider the classification anew in light of the new information presented by the registrant. United States v. Grier, 415 F.2d 1098 (4th Cir. Opinion filed September 18, 1969); Petrie v. United States, 407 F.2d 267 (9th Cir. 1969); Howze v. United States (supra).

We approach the issue with full recognition that the result we reach will be determined by the admitted facts and so we now turn to the factual situation which gave rise to this petition. We note, preliminarily, that the dispute is not as to the veracity of the information furnished to the Board, but rather to the legal significance to be attributed to an acceptance of the facts submitted in support of the hardship claim. We state here only the facts which we deem necessary to decide the issues referred to. The Selective Service file of the relator indicates that after being reclassified I–A he requested that his Board grant an occupational deferment. The Local Board declined to change his classification. Radel unsuccessfully appealed but during the period when his appeal was pending he wrote the Board informing them that his father had suffered a heart attack and stroke, respectively, and was rendered totally disabled; that his father was forced to liquidate his retail grocery business and that petitioner had become the major source of support of his parents. In this letter he also inquired whether he should immediately submit an application for an extreme hardship (III–A) deferment. The Board advised him not to make an application for a III–A deferment until the Appeal Board had acted on his II–A deferment claim. As previously stated the Appeal Board rejected his II–A claim. When his Local Board sent relator notification of the Appeal Board's determination, it also forwarded to him a Dependency Questionnaire form in relation to his III–A deferment claim. This form, when received by the Board revealed that the only sources of petitioner's parents' income were Social Security Benefits totalling $147.00 per month and interest payments amounting to $102.00 per month. Subsequently, conferences were scheduled at the Local Board attended by the registrant and his mother and from our review of all the records we shall, for the purposes of this petition, accept the following indicia as establishing the facts which will govern our decision:

(a) The petitioner's father receives Social Security benefits of $147.00 per month.

(b) His parents receive a monthly income of $102.00 per month as interest payments derived from accumulated savings of $25,000.00.

(c) The father has a checking account with a balance of $300.00.

(d) The registrant and his parents both have an automobile, a 1965 and a 1968 Chevrolet.

(e) The registrant has a checking account with a balance of $1,100.00.

(f) The total monthly expense reflected by the family budget is $518.00, of which $267.00 was provided by petitioner out of his monthly earnings.

(g) The petitioner's father is totally disabled.

(h) That due to her physical infirmity accompanied by the compelling necessity of caring for her husband, the petitioner's mother is both unable to and not required to seek gainful employment.

■ Turning now to the main prongs of relator's attack on the refusal of the Board to reopen, it is argued that the recited facts are sufficient to establish a prima facie case of extreme hardship. With equal vehemence, the Government contends that there is no basis upon which a prima facie case can be recognized. We commence our analysis against the backdrop of the established and salutory principle which limits our authority to overturn the appropriateness of the action of a local board only if their action has "no basis in fact". Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567 (1955); Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953). This test is applicable to a refusal by the board to reopen the registrant's classification. United States v. Ransom, 223 F.2d 15 (7th Cir. 1955); accord, Stain v. United States, 235 F.2d 339, 343 (9th Cir. 1956). The refusal to reopen has no basis in fact if the written request to reopen sets forth a prima facie case for reclassification and if it contains some allegations of fact in addition to those considered when the registrant was originally classified. Woo v. United States, 350 F.2d 992, 997 (9th Cir. 1965). However, the Board is not required to reopen when all reasonable men would agree that the new claim was frivolous or that the alleged facts would not justify reclassification. Petrie v. United States, 407 F.2d at 275.

■ We think the combination of circumstances we have noted support the conclusion that Radel presented to the Local Board a prima facie case that would entitle him to a III–A classification and that the local board erred in refusing to reopen. We are convinced that the facts presented by Radel made out a prima facie case of hardship. We desire to make it crystal clear that we are not concluding that the petitioner, upon the reopening of his classification, is entitled to a III–A classification. It may well be that in the reopened proceedings the registrant will not be granted the newly requested classification.

Few courts have attempted to define the term "prima facia case" and it appears that it would serve no useful purpose to attempt to rationalize from the plethora of cases in order to define the legal concept of "prima facia case" except to state that each case is predicated upon its own peculiar factual circumstances. The government's contention that the petitioner's parents have sufficient sums of monies to adequately provide for them is not determinative as it is not incompatible with the prima facie case established by registrant. See, Lewis v. Secretary, Department of the Army, 402 F.2d 813 (9th Cir. 1968). Consequently, it is our judgment that a basis in fact does not exist. We deem it necessary for the Local Board to accord the registrant the right to have his classification reopened and thus to give to him the further right of all procedural privileges afforded a registrant whose classification is reopened.

■ We are not persuaded that the registrant waived his right to a reopening by failing to make his claim for a hardship reopening within a reasonable time after his father became totally disabled. The record contains no indication that the Board relied upon, or even considered, Radel's delay as a possible basis for its refusal to reopen. The cir-

cumstance of registrant's notice to the Board of the change in his status, the Board's reply and all other facets of the procedures adopted require a holding that Radel did not, because of the delay, waive his right to the Board's consideration of his claim to a III–A "hardship" status.

The foregoing opinion constitutes the Court's findings of fact and conclusions of law in conformity with F.R.Civ.P. 52(a).

### ORDER

The relator's motion to proceed in forma pauperis is Granted.

The petition for a writ of habeas corpus is Granted and Clifford R. Radel is ordered released forthwith from the armed services.

We certify that there is probable cause for appeal.

It is so ordered.