Raymond F. CARNEY, Jr., Petitioner-Appellee,

v.

SECRETARY OF DEFENSE, MELVIN LAIRD, et al., Respondents-Appellants.

No. 71-1262.

United States Court of Appeals, First Circuit.

Argued Nov. 4, 1971 and remanded.

Decided, after remand, June 21, 1972.

Constance L. Messore, Asst. U. S. Atty., with whom Lincoln C. Almond, U. S. Atty., was on brief, for appellants.

Milton Stanzler, Providence, R. I., with whom Abedon, Michaelson, Stanzler & Biener, Providence, R. I., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

The sole question on this appeal is whether the district court, 326 F.Supp. 741, had jurisdiction to grant petitioner's application for a writ of habeas corpus and order his release from the United States Navy. The government contends that the district court erred in granting the writ because no proper custodian could be found within its territorial jurisdiction.

Petitioner, stationed aboard the USS Roberts, a destroyer attached to the Newport, Rhode Island, Naval Base, applied for discharge as a conscientious objector on July 30, 1970. His request was denied on September 15, and on the same date orders were cut assigning him to a hospital ship, the USS Sanctuary, stationed off Vietnam. Petitioner learned of these actions on September 23,

and on September 30 the orders were formally delivered detaching him from the Roberts. He was further ordered to report on November 14 to a California air base for a flight to Vietnam. On the date of his detachment, petitioner took up residence in an apartment in Newport, and on November 2 he filed his petition in the United States District Court for the District of Rhode Island.

The government argues that since the commander of the Roberts lost control over petitioner on September 30, there was no "custodian" within the district of Rhode Island on November 2 when the petition was filed.[1] We previously remanded the case so that the district court could take evidence on the issue of who is the "custodian" of a serviceman in transit between duty stations under internal naval practice. On remand the district court found that under naval administrative practice a serviceman belongs to his new command from the moment his orders are issued. If, however, he is unable to report to his new command within a reasonable period of time due to a medical problem or some other unusual circumstance, he is usually transferred to a command in the geographical area where he is located. In all cases the Chief of Naval Personnel, an agent of the respondent Secretary of the Navy, possesses the inherent authority to issue or modify petitioner's order.

Subsequent to the district court proceedings the Supreme Court decided Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972). Strait was a reserve officer not on active duty. While his nominal commander was at Fort Benjamin Harrison, Indiana, Strait was at all times domiciled in California. He was commissioned there, he made an application for discharge as a conscientious objector there, and his application was processed there. The Court held that since petitioner had his only meaningful contacts with the army in California, the district court for the Northern District of California had jurisdiction to consider the petition. It distinguished Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971) by noting that there the petitioner was in Arizona on permissive temporary duty akin to leave and that he had no formal contacts with the military in that district. Thus the Court limited *Schlanger* to the proposition that a serviceman cannot bring habeas anywhere he happens to be. *See also* United States ex rel. Rudick v. Laird, *supra,* note 1. The Court also approved the Second Circuit's approach in Arlen v. Laird, 451 F. 2d 684 (2d Cir. 1971) and adopted an analysis heretofore used principally in the area of long arm statutes. Thus it found Strait's Indiana commander "present" in California by virtue of his acting through officers in California.

In the instant case the district court found that all of petitioner's active duty contacts with the Navy were in Newport. It is true that he was in the process of acquiring a new superior, and that this superior was neither present in Rhode Island, nor had enlisted the aid of officers there in dealing with petitioner. At the same time, the Secretary of the Navy, a named respondent, through the Chief of Naval Personnel, had consistently exercised control over petitioner in Rhode Island through the commander of the Roberts, and petitioner was still, incidentally, under an obligation to surrender his pay records in Newport in January 1971. While *Strait* does not govern this case, we think the rationale of the Court is more supportive of allowing petitioner to proceed in Rhode Island under the circumstances than be obliged to report early to his new station and file a proceeding there.

Affirmed.

---

1. It is interesting to note that in United States ex rel. Rudick v. Laird, 412 F.2d 16, 21 (2d Cir.), cert. denied, 396 U.S. 918, 90 S.Ct. 244, 24 L.Ed.2d 197 (1969), the Army maintained that a serviceman remains a member of his old command until required to report to his new post.