Wilson Edward STILL, Jr., Petitioner-Appellant,

v.

COMMANDING OFFICER, U. S. ARMY RESERVE COMPONENTS PERSONNEL CENTER et al., Respondents-Appellees.

No. 72-1054.

United States Court of Appeals, Fifth Circuit.

July 10, 1972.

Jack Drake, Tuscaloosa, Ala., Drake, Knowles & Still, University, Ala., for petitioner-appellant.

Wayman G. Sherrer, U. S. Atty., Henry I. Frohsin, Asst. U. S. Atty., Birmingham, Ala., for respondents-appellees; William G. Eckhardt, Major, JAGC, Edward C. Newton, IV, Captain, JAGC, Dept. of The Army, Washington, D. C., of counsel.

Before JOHN R. BROWN, Chief Judge, and GODBOLD and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

The petitioner-appellant, Wilson Edward Still, Jr., had completed an R.O.T. C. course of study at the time of his graduation from the University of Alabama in May 1968 and was thereupon commissioned as a second lieutenant in the U.S. Army Reserve, Military Intelligence. He applied for and was granted a delay in his call to active duty to attend law school at the University of Alabama. Recurring delays were granted yearly while Still pursued his law studies. One semester prior to his expected graduation from law school, Still applied to the Army for a conscientious objector discharge. The Conscientious Objector Review Board (CORB) denied the application, for reasons we need not discuss, but apparently on the basis that Still was insincere[1] in his beliefs.

Still then applied to the court below for habeas corpus. The respondents-appellees moved for dismissal of the petition on 4 grounds: (1) failure to state a claim upon which relief could be granted; (2) lack of jurisdiction because the amount in controversy was less than $10,000; (3) none of the respondents resided in the Northern District of Alabama,[2] and (4) Still was not in custody within the Northern District of Alabama. Relying upon Schlanger v. Seamans, 1971, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251, the district judge ruled that he did not have habeas jurisdiction because none of the respondents were within his district. He determined that he did have jurisdiction under the mandamus statute, Title 28, U.S.C., Section 1361[3] and treated the petition as one for mandamus, recognizing the restricted scope of his right to review on that theory.[4] Proceeding to the merits, the district judge, 334 F.Supp. 617, denied the petition *not* on the basis of Still's insincerity *vel non,* but on the asserted ground that there was nothing in Still's application to the Army to indicate why he could not perform noncombatant military service.

This appeal followed, on which Still supported the district court's jurisdic-

---

1. He indicated that he would fight in self-defense if given no other choice.

2. As noted Still was attending law school at the University of Alabama, located within the Northern District of Alabama and was not on active duty anywhere. His Army records were maintained at Ft. Benjamin Harrison, Indianapolis, Indiana, under a command designated as "Commanding Officer, U. S. Army Components Personnel Reserve Center". This command was named as a respondent in the habeas petition. The Secretary of the Army and the Secretary of Defense were also named as respondents.

3. Title 28, U.S.C., Sec. 1361, added by P.L. 87-748, § 1(a), Oct. 5, 1962, 76 Stat. 744, provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4. See, e. g., Carter v. Seamans; 5 Cir 1969, 411 F.2d 767, 773: "Generally speaking before the writ of mandamus may properly issue, three elements must coexist: (1) a clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available."

tional theory but contended that relief should have been granted for two reasons: (a) there was no "basis in fact" for the Army's denial of the application for CO discharge, and (b) he was denied procedural due process by the Army's treatment of his application.

The respondents-appellees disputed the district court's jurisdiction, conceded that that court's decision was on a ground not asserted by the CORB in denying the application for discharge but urged affirmance nevertheless on the ground given by the district court.

The appeal thus raised numerous knotty issues, including (a) jurisdiction of the district court under the habeas corpus statute; (b) jurisdiction of the district court under the mandamus statute; (c) the correctness of the district court's denial of relief and the ground asserted in support thereof; (d) the existence of a "basis in fact" for the Army's denial of relief, and (e) whether or not procedural due process was denied Still by the Army in the manner of processing the application for discharge.

 In disposing of this appeal we need reach only the first question listed above, the existence of habeas corpus jurisdiction below. That question was put to rest on May 22, 1972 by the Supreme Court in Strait v. Laird, Secretary of Defense, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141, decided after all briefs were filed on this appeal and the case was calendared for oral argument. The Court in *Strait* held that a district court in California had jurisdiction under the habeas corpus statute, Title 28, U.S.C., Section 2241(c) (1), to hear and determine the habeas corpus application of Strait, who was on unattached, inactive Army Reserve duty domiciled in California, where military authorities processed his application for CO discharge, though he was under the nominal command of the Commanding Officer of the Reserve Officer Components Personnel Center, Fort Benjamin Harrison, Indiana. Schlanger v. Seamans, supra, relied on by the court below was distinguished. Counsel for both parties at oral argument conceded that Strait v. Laird is controlling here as to habeas jurisdiction.

Since the district judge in our case considered Still's application only under the much narrower standards of review appropriate to mandamus, and not under standards applicable to habeas corpus, we vacate the judgment and remand this cause to the district court. That court has habeas corpus jurisdiction under the teachings of Strait v. Laird, and in the exercise of that jurisdiction should pass upon in the first instance the questions of "basis in fact" and procedural due process sought to be raised here, together with such other questions as may be presented. We intimate no opinion as to the result to be reached by the district court upon remand.

Vacated and remanded.