**Robert Allen HOOVER, Petitioner-Appellant,**

**v.**

**C. V. "Buster" KERN, Sheriff, Harris County, Texas, and Secretary of the Army, Respondents-Appellees.**

**No. 72–1668.**

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1972.

Rehearing Denied Oct. 24, 1972.

William S. Frank, Evans & Frank, Houston, Tex., for petitioner-appellant.

Anthony J. P. Farris, U. S. Atty., Carl Walker, Jr., Executive Asst. U. S. Atty., Olney G. Wallis, James R. Gough, Asst. U. S. Attys., Houston, Tex., for respondents-appellees.

Before BELL, GOLDBERG and RONEY, Circuit Judges.

GOLDBERG, Circuit Judge:

This is the story of a "man without a court" that reaches us in the form of an appeal from the denial of an application for a writ of habeas corpus on the ground of lack of jurisdiction. Guided by recent decisions of the Supreme Court and of this court we find that jurisdiction was established, and we reverse and remand to the district court for further proceedings.

The basic facts of this case are not seriously disputed. Petitioner-appellant, Robert Allen Hoover, enlisted in the United States Army Reserves in 1968. After serving six months on active duty status, he was reassigned to reserve status with a reserve unit in Denver, Colorado, and began attending regularly scheduled meetings. Late in 1969 appellant filed an administrative request for discharge as a conscientious objector. Whether that request was officially and finally denied is disputed, but it is certain that it was not granted.

Following consultations with an attorney, appellant decided that he was entitled to discharge on his prior application as a conscientious objector under the rules announced in Welsh v. United States, 1970, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308. He was advised that the normal procedure for relief was to file an application for a writ of habeas corpus; however, he chose not to do so at that time, apparently because he considered the cost prohibitive. Instead, appellant ceased attending reserve meetings and moved to Boulder, Colorado, and then to Houston, Texas, where he has resided since late 1970.

On March 16, 1972, appellant was arrested in Houston by agents of the Federal Bureau of Investigation and taken to the Harris County, Texas, jail, where his head was shaved and where he was incarcerated. At some point after his arrest, he was advised that his detention resulted from an Army charge of desertion. He contends that he was unaware that the Army had placed him on extended active duty when he ceased attending reserve meetings, had mailed him orders to report to Fort Leonard Wood, Missouri, and had declared him absent without leave when he failed to report. After appellant was arrested, the Army advised the United States Attorney in Houston that it intended to transfer appellant to Ford Hood, Texas, for processing and then to Fort Leonard Wood to be court-martialed on the charge of desertion from the military.

Appellant filed his application for a writ of habeas corpus in the United States District Court for the Southern District of Texas. The court below held an evidentiary hearing, made findings of fact and conclusions of law, and ruled that it did not have jurisdiction to hear appellant's claim. From that ruling petitioner has appealed.

Whether habeas corpus jurisdiction existed is the sole question thus before us. We intimate here no view regarding the merits of Hoover's claim that he is entitled to discharge in the district court despite his failure to pursue any Army remedies he may have. *See* Parisi v. Davidson, 1972, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17.

Although the question whether habeas corpus jurisdiction exists on facts such as these has heretofore been a difficult one, it was put to rest on May 22, 1972, by the Supreme Court in Strait v. Laird, 1972, 406 U.S. 341, 92 S.Ct. 1693, 32 L. Ed.2d 141. Strait was on unattached, inactive duty reserve status and was domiciled in California, but he was under the nominal command of Fort Benjamin Harrison, Indiana, and had been ordered to report for active duty to Fort Gordon, Georgia. The Court held that on these facts a district court in California had jurisdiction to hear and determine Strait's habeas corpus application.

In Strait v. Laird the Court clarified its earlier holding in Schlanger v. Seamans, 1971, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251, the case on which the court below apparently relied in determining that because neither any person in Hoover's military chain of command nor any named military respondent resided in the territorial jurisdiction of the district, habeas jurisdiction did not exist.

"The jurisdictional defect in *Schlanger,* however, was not merely the physical absence of the [nominal] Commander . . . but the total lack of formal contacts between Schlanger and the military in that district.

"Strait's situation is far different. His nominal custodian, unlike Schlanger's, has enlisted the aid and directed the activities of armed forces personnel in California in his dealings with Strait."

406 U.S. at 344, 92 S.Ct. at 1695, 32 L. Ed.2d at 144, citing with approval Arlen v. Laird, 2 Cir. 1971, 451 F.2d 684.

We find that Strait v. Laird, *supra*, controls this case and that the Army's enlisting the aid and directing the activities of personnel who arrested and incarcerated Hoover in Houston is a sufficient contact to establish its presence as Hoover's "custodian" in the Southern District of Texas.

We also note that under the district court's reasoning appellant would be left without a habeas forum, despite the fact that he is presently in custody. "[T]he presence within the territorial jurisdiction of the District Court of the person detained is prerequisite to filing a petition for a writ of habeas corpus." Ahrens v. Clark, 1948, 335 U.S. 188, 189, 68 S.Ct. 1443, 92 L.Ed. 1898, 1899. *See also* 28 U.S.C.A. § 2241(a). Appellant is present in no other jurisdiction. If the Army chose to keep him in the Harris County jail forever, he would have no proper forum in which to challenge his incarceration if habeas corpus jurisdiction is here denied. *See* Jackson v. Louisiana, 5 Cir. 1971, 452 F.2d 451.

We are unable to distinguish the instant case from Still v. Commanding Officer, 5 Cir. 1972, 463 F.2d 991 and we have found a court for petitioner. We again conclude that the district court

"has habeas corpus jurisdiction under the teachings of Strait v. Laird, and in the exercise of that jurisdiction should pass upon in the first instance the questions . . . sought to be raised here, together with such other questions as may be presented. We intimate no opinion as to the results to be reached by the district court on remand."

Reversed and remanded.