George R. SUTTON, Petitioner-Appellee,

v.

Melvin R. LAIRD, Secretary of Defense, et al., Respondents-Appellants.

No. 72-1542.

United States Court of Appeals, Tenth Circuit.

Nov. 8, 1972.

C. Nelson Day, U. S. Atty., Glenn J. Mecham, Asst. U. S. Atty., Salt Lake City, Utah, for respondents-appellants.

David S. Dolowitz and Brian M. Barnard, Salt Lake City, Utah, for petitioner-appellee.

Before PICKETT, HOLLOWAY and McWILLIAMS, Circuit Judges.

PER CURIAM.

Sutton, a serviceman on active duty with the United States Army, sought and was granted habeas corpus relief in the form of immediate discharge from the armed forces. Appellants contend that the district court did not have jurisdiction to entertain Sutton's action for want of the necessary custodian within its territorial limits. The sole question confronting us is whether jurisdiction vested in the District of Utah.

In June of 1971, while stationed at Dugway Proving Grounds in Utah, Sutton submitted an application for dis-

charge from the armed forces as a conscientious objector pursuant to Army Regulation 635–20. The processing of that application involved, inter alia, various interviews with the applicant by personnel of Dugway. The Conscientious Objector Review Board ultimately disapproved the application on August 2, 1971. Subsequently, on August 16, a transfer order issued whereby Sutton was ordered to report to the Overseas Replacement Station, Oakland Army Base, Oakland, California. He was officially processed out of Dugway the following day in accordance with the order. Claiming that the Department of the Army acted arbitrarily and without basis in fact in denying his application for discharge, Sutton filed a petition for a writ of habeas corpus in the United States District Court for the District of Utah on August 31, 1971. Appellants' jurisdictional challenge is premised on the fact that the serviceman had been detached from Dugway for Army accountability purposes before initiating the habeas action. It is argued that the proper custodian is the new command and that such custodian is not located within the court's territorial jurisdiction.

Although Sutton had been carried as a reassignment loss from Dugway by the Army after the official detachment, he remained physically present in Utah since the terms of the reassignment order did not require him to report to his new command until September 2, 1971. The jurisdictional dilemma occurring in the interval between active duty under one command and the date for reporting to duty under a new command has recently been examined in the strikingly similar case of Carney v. Secretary of Defense, Melvin Laird, 462 F.2d 606 (1st Cir. 1972). We find persuasive the rationale underlying the First Circuit's decision that certain conditions during the transitional interval would allow the maintenance of a federal habeas action in the district of the first or dispatching station. See also Miller v. Chafee, 462 F.2d 335 (9th Cir. 1972), and Feliciano v. Laird, 426 F.2d 424 (2d Cir. 1970). Rather than viewing as determinative appellants' accounting methods and the fictitious notions of custody which that produces, the actual circumstances must be considered.

It is obvious that Sutton's relevant active-duty contacts have been with the dispatching station at Dugway. His conscientious objector application was prepared and submitted there. Not only has Sutton resided in Utah, but also the parties who conducted the basic investigation regarding his application are resident there. Additionally, despite the lack of formal notice to the applicant, the opinion of the Conscientious Objector Review Board denying Sutton's request for conscientious objector status issued prior to the reassignment order. These meaningful contacts establish the presence of the requisite custodian in Utah. See Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972).

We notified appellants that appellee had filed a motion to affirm and that the case had been assigned to the summary calendar. In response, a memorandum addressing the issues and opposing summary disposition was received on behalf of appellants. Appellee also included a thorough and detailed memorandum in support of the motion. After carefully reviewing the file and record in the case, we are convinced that the judgment of the district court is correct and that there is no need for oral argument.

Accordingly, the motion to affirm is granted and the judgment is affirmed.