**Major William L. MILLER, Jr.,**
**Petitioner-Appellee,**

**v.**

**Melvin LAIRD as Secretary of Defense,**
**et al., Respondents-Appellants.**

**No. 72–1185**
**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 1973.

William S. Sessions, U. S. Atty., Henry Valdespino, San Antonio, Tex., for respondents-appellants.

Gerald H. Goldstein, San Antonio, Tex., for petitioner-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

---

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

**PER CURIAM:**

It may well be the height of irony that this conscientious objector claim is raised by a high-ranking veteran after four years of the finest collegiate training at the Military Academy at West Point, a tour of duty in Viet Nam and extensive post-graduate studies as an officer in the regular army. Nevertheless, during his final months of graduate study at the University of Missouri and following the publication of orders assigning him to another tour of duty in Viet Nam, Major William L. Miller declared himself to be conscientiously opposed to war in any form. The district court found that the denial of conscientious objector status to Major Miller was without basis in fact and the respondents do not appeal from this determination.[1] Therefore, we limit our comments to the district court's determination that it had jurisdiction in this cause which we affirm.

Although Major Miller had signed out in the personnel register of his unit pursuant to orders requiring him to report to Viet Nam prior to the filing of the instant petition, the district court concluded that petitioner was still subject to the custody of the Commanding General of the Fifth United States Army at the time of filing his habeas corpus petition. The district court relied on the following factual circumstances to establish this jurisdiction: first, petitioner did not complete his outprocessing from his former unit; second, petitioner's financial records remained under the custody of the Fourth United States Army (which was merged with the Fifth United States Army); third, petitioner was physically present and quartered at Fort Sam Houston, Texas, on the date the original Petition for Writ of Habeas Corpus was filed, and while he was so present he was subject to the rules and regulations of Fort Sam Houston; and fourth, the headquarters of the Fifth United States Army subsequently issued and published special orders to petitioner reassigning him from Viet Nam to Fort Sam Houston, Texas.

The Government contends that Miller's custodian on the crucial date was Headquarters, Department of the Army, Washington, D. C., since he was in transit between two duty stations. We reject, as did the district court, this fictitious, limited concept of custody. The district court's opinion clearly demonstrates that Miller had had and retained significant and meaningful contacts with the Fifth United States Army and that its Commanding Officer, General Underwood (or his successors), exercised a sufficient degree of authority, control, and responsibility as to Major Miller so as to make such commandant a proper "custodial" respondent in this habeas action. *See* Carney v. Laird, 462 F.2d 606 (1st Cir. 1972); Miller v. Chafee, 462 F.2d 335 (9th Cir. 1972); Feliciano v. Laird, 426 F.2d 424 (2d Cir. 1970); *Cf.* Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972). In addition, the district court relied on *Strait* to conclude that the Department of the Army, by enlisting the aid of Fifth United States Army and Fort Sam Houston, had sufficient contacts to give the Department of the Army "presence" in Texas with respect to jurisdiction in this case. *See* Hoover v. Kern, 466 F.2d 543 (5th Cir. 1972); Still v. Commanding Officer, 463 F.2d 991 (5th Cir. 1972).

We hold that the district court properly determined that it had jurisdiction to hear and determine Major Miller's habeas petition.

The judgment of the district court is in all respects

Affirmed.

---

1. The district court's findings of fact and conclusions of law are set out at 352 F.Supp. 1037.